STATE OF MINNESOTA

COUNTY OF HENNIPEN

MICHAEL ROBERT ROBINSON,
                    Plaintiff(s)

vs.

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
Court File Number:_____
Case Type: Civil_____

**SUMMONS**

POLICE CHIEF
MEDARIA ARRADONDO,MINNEAPOLIS
POLICE DEPART,3RD PRECINCT
et.al._____,
                    Defendant(s)

THIS SUMMONS IS DIRECTED TO POLICE CHIEF:MEDARIA ARRADONDO

1.  **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The
    Plaintiff's Complaint against you is attached to this summons. Do not throw these
    papers away. They are official papers that affect your rights. You must respond to
    this lawsuit even though it may not yet be filed with the Court and there may be no
    court number on this summons.

2.  **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You
    must give or mail to the person who signed this summons a written response called an
    Answer within 20 days of the date on which you received this summons. You must
    send a copy of your Answer to the person who signed this summons located at: page
    (2) bottom of the page.

3.  **YOU MUST RESPOND TO EACH CLAIM**. The answer is your written response
    to the Plaintiff's Complaint. In your answer you must state whether you agree or
    disagree with each paragraph of the Complaint. If you believe the Plaintiff should not
    be given everything asked for in the Complaint, you must say so in your Answer.

Robinson

RECEIVED

FEB   8 2018

Mpls. City Attys. Office

4.  **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5.  **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written answer to protect your rights or you may lose the case.**

6.  **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: 2-1-18          Signed: Micheal Robert Robinson

      Name: Micheal Robert Robinson      OID #18199 3

               MCF-Faribault
               1101 Linden Lane
               Faribault, MN 55021

Robinson

STATE OF MINNESOTA        **RECEIVED** FEB 0 8 2017        DISTRICT COURT

COUNTY OF HENNIPEN                          FOURTH JUDICIAL DISTRICT
                                            Court File Number:_____
                                            Case Type: Civil_____
MICHAEL ROBERT ROBINSON,
                      Plaintiff(s)

vs.                                              **SUMMONS**


POLICE  CHIEF
MEDARIA ARRADONDO,MINNEAPOLIS
POLICE DEPART,3RD PRECINCT
et.al._____,
                    Defendant(s)

─────────────────────────────────────────────────────────

THIS SUMMONS IS DIRECTED TO <u>STATE ATTORNEY GENERAL:LORI SWANSON</u>


1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The

      Plaintiff's Complaint against you is attached to this summons. Do not throw these

      papers away. They are official papers that affect your rights. You must respond to

      this lawsuit even though it may not yet be filed with the Court and there may be no

      court number on this summons.

2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You

      must give or mail to the person who signed this summons a written response called an

      Answer within 20 days of the date on which you received this summons. You must

      send a copy of your Answer to the person who signed this summons located at: page

      (2) bottom of the page.

3.    **YOU MUST RESPOND TO EACH CLAIM.** The answer is your written response

      to the Plaintiff's Complaint. In your answer you must state whether you agree or

      disagree with each paragraph of the Complaint. If you believe the Plaintiff should not

      be given everything asked for in the Complaint, you must say so in your Answer.

Robinson

4.   **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5.   **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written answer to protect your rights or you may lose the case.**

6.   **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: 2-1-18 _____   Signed: Micheal Robert Robinson _____

Name: Micheal Robert Robinson   OID # 181993

MCF-Faribault
1101 Linden Lane
Faribault, MN 55021

Robinson

STATE OF MINNESOTA                                DISTRICT COURT

COUNTY OF HENNIPEN                          FOURTH JUDICIAL DISTRICT
MICHAEL ROBERT ROBINSON,              Court File Number:_____
                            Plaintiff      Case Type: Civil_____

vs.
POLICE CHIEF                                       **COMPLAINT**
MEDARIA ARRADONDO
MINNEAPOLIS   POLICE   DEPART,3RD      **JURY TRIAL DEMANDED**
PRECINCT et.al

_____,
                    Defendant(s)

PLAINTIFF, as for its cause of action against the above-named defendant states

and alleges as follows:

    I.    JURISDICTION

        1.  TO all litigants individual, official capacity

    II.    VENUE

    2. The FOURTH Judicial District Court, HENNIPEN County is an

appropriate venue because a substantial part of the events giving rise to the

claims occurred in this district.

Robinson

RECEIVED

FEB   8  2018

Mpls. City Attys. Office

III.   PARTIES

3.) Plaintiff is the injured and aggrieved party in this action.

4.) Chief of the Minneapolis Police Department and arresting officer regarding the incident arrest on 5/10/14 in South Minneapolis, Minnesota.

5.) Chief of Minneapolis police Department and arresting officers regarding the 10/7/14 incident arrest in South Minneapolis, Minnesota.


IV.   FACTUAL ALLEGATIONS

Society and the Police Officer's Standard Training Board recognize the complex and unpredictable factors associated with police pursuits. It is imperative that there be written procedures for these types of serious law enforcement operations. See Minn. Stat. § 6700.2700-Standards of Conduct for Licensees.

Violations of the following standards of conduct by a licensee constitute grounds for disciplinary action: **Minn. Stat. § 6700.1600 (A)**

(A) engaging in conduct prohibited by, or listed as, grounds for disciplinary action in this chapter, Minnesota Statutes, chapter 214, or sections 626.84 to 626.90, or engaging in conduct which violates any statute enforced by the board. Minn. Stat. § 6700.1600


(A) In the instant case, at 6:30 pm on May 10, 2014 in the Crosstown Food-N-Gas Market at 5736 34th Ave. South. I walked into the parking lot in front of the Laundromat. I then saw a white female standing in front of the store that began to approach me from a distance. She never identified herself as a police officer at that time, or voiced any type of command to me. Notwithstanding, she never displayed a badge as well. Upon her approach, I turned the

opposite direction, and then she yelled "he's putting dope in his mouth." At this point, I

began to run because I had an active felony warrant.  There was no one trying to apprehend

me, so I ran through a yard on side of the store at 5734 34th Ave. South, upon exiting the

front gate, officers tackled me from behind and instantly began choking me, banging my

head on the concrete, using excessive force while yelling "spit out the dope." I responded

whimsily, "I have no dope," they continued to beat me in the back, head, and face with their

fists.  My face was bloodied, and I tried to place my arms over my face to prevent my face

from being banged into the concrete.

Police forcefully placed my arms behind my back and secured me while continuing to use

excessive force.  I began to yell for my girlfriend because the incident was occurring directly

across the street in front of her house.  Based on my calling upon my girlfriend, she and her

daughter came outside, I then went unconscious.  I woke up two weeks later from a coma in

the hospital, as a result, and being informed by the doctor, that I was in grave condition from

heart failure, and respiratory failure ensuing from the excessive force used Minneapolis

police officers.


(B) Additionally, on October 7, 2014 at the address of 5733 34th Ave. South, I was standing

outside a home when police began to pull up and park. Before officers exited their cars, I fled

the scene and ran to the block behind the home where I was standing.  I immediately stopped

running, raised my hands in the air above my head and surrendered.  I then yelled to officers,

who were still a distance away, "I surrender, I have nothing on me."

None of the approaching officers ever responded with a command or directive to comply to.

They continued rushing toward me with their guns aimed on me. Several officers rushed to

grab me and began to beat me, using excessive force, beating me about my head and face with their guns. While lying prone, I tried to cover my face and head with my arms, hoping the vicious beating would subside. I had already surrendered before the beating ensued. I continued to be hit multiple times more, became very weak, and went unconscious while lying on the scene of the incident. I was searched by officers while unconscious, nothing was found on my person, or in the vicinity of the incident.

The paramedics were then called by one of the officers on-scene. I was later informed, upon regaining consciousness that I was found unresponsive, intoxicated, and overdosed from drug usage and over exertion directly related to the excessive force used by police.

(C) Further, on October 8, 2014 about 5 pm at 5712 34th Ave. South Minneapolis, Apt. C, the Minneapolis police arrived to arrest plaintiff for a felony warrant. Officers were in front of the apartment building at Apt. C's window. Plaintiff left Apt. C and went directly across the hall to the laundry room and attempted to hide behind a washing machine. One officer was in plain clothes, the other officer was in uniform.

The officer in plain clothes yelled "Come out with your hands up." I fully complied with the command as I came out from behind the washer and both officers tazed me twice as I was surrendering with my hands still in the air. I fell forward to my knees, and then I lay prone with my hands out from my body and visible. The officer in uniform grabbed my arm attempting to cuff me. The other officer in plain clothes started kicking me in the head, face, and to my side yelling profanity, while the officer in uniform pinned me down.

I tried to cover my face with my free arm; the officer then rolled me over on my back and did a body search. Nothing illegal was found on my person, or in the immediate area of

apprehension, nor in Apt. C. But, officers recovered $1,160 off of me. Then, I was ushered to the squad car where officers took pictures of my chest where both taser plugs were removed by officers, without medical attention being provided to the plaintiff.

Exhaustion:

I, upon each incident, made verbal complaints to officers that were alleged to be recorded. Accordingly, the officers on-scene, and as licensees, were required to report to the board and chief law enforcement officer that the actions of licensees unnecessary use of excessive force, which licensees uninvolved in the incident, but at the scene and acknowledged that those actions constituted grounds for disciplinary action under any of the board's regulatory provisions in regards to both the 5/10/14 and 10/7/14 incidents; were required to report said incidents such as using excessive or deadly force when not authorized by Minn. Stat. § 609.066. See Minn. Stat. § 6700.1610, subd.2

Reports required by this part must be submitted by licensees, no later than 90 days after learning of the reportable event. See 6700.1610, subd.3

## V.    CAUSE OF ACTION

Count 1:

During the May 10, 2014 incident, Minneapolis police officers using unreasonable force violated Plaintiff's Fourth Amendment protections against unreasonable search and seizure. This court's determination whether force used during the incident was objectively reasonable under the Fourth Amendment requires careful attention to the facts and circumstances of this particular case, including the fact that the only crime at issue was simply fleeing from a peace officer on foot, and that Plaintiff posed no immediate threat to the safety of officers or others, where

plaintiff surrendered, and ceased to flee or evade arrest. Officers used unnecessary deadly force where there was no significant threat of death or serious physical injury to officers or others, and resulted in life threatening injury to plaintiff.

Count 2:

During the October 7, 2014 incident, Minneapolis Police officers using unreasonable force violated Plaintiff's Fourth Amendment protections against unreasonable search and seizure. Plaintiff began to flee from officers, then voluntarily surrendered before officers began to use deadly force and causing plaintiff to become unresponsive and inducing an overdose, where plaintiff had not committed any crime prompting officers to reasonably believe plaintiff posed an immediate or significant threat of death or serious physical injury to officers or others. See Baker v. Chaplin, 517 N.W. 2d 911

## VI.    PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against defendant(s) as follows:

Compensatory damages are awarded for pain and suffering in the amount of $ 1,500,000.00 U.S. Dollars because the use of excessive force was clearly prohibited by a general constitutional standard; the contours of the standard for the use of force alleged in this case were further established by statute, and those standards were incorporated in the training materials used by the Minneapolis Police Department. The sources taken all together provide an unusually strong basis for finding that the injured party has met his burden.

Therefore, the court should hold that the plaintiff has submitted sufficient evidence to demonstrate genuine issues of material fact in dispute and evidence to support a factual finding

that places the conduct at issue outside of the protection of qualified immunity regarding the

consecutive incidents of 5/10/14 and 10/7/14, 10-8-14

Respectfully submitted this ___1___ day of ___FeB___, 2018

_Micheal Robert Robinson_
Signature

Name: _Micheal Robert Robinson_ OID #: _181993_
MCF-Faribault
1101 Linden Lane
Faribault, MN 55021

Complaint-A-Exhibit-A1

| Case Report with Supplements | Minneapolis Police Department | CCN: MP-14-154378 |
|---|---|---|

## Report Details

| | | | |
|---|---|---|---|
| **Reporting Officer:** | 002877: Matthew Heger | **Approval Status:** | Approved |
| **Assisting Officer:** | | **Approval Date:** | May 10, 2014 |
| **Supervising Officer:** | 000091: Brian Anderson | **Date Returned:** | |
| **Approving Supervisor:** | 000091: Brian W Anderson | **Return Count:** | 0 |
| **Call/Sqd:** | 396 | **Date Printed:** | May 20, 2014 |
| **Precinct:** | 03 | **Last Uploaded:** | May 10, 2014 |
| **Related CCN :** | -- | **Solvability:** | 100 |
| **Reported Date:** | May 10, 2014 19:00 | **Primary Routed Unit:** | 4116 - Assault |
| **Entered By:** | 004070 | | |

## Incident Details

| | | | | | |
|---|---|---|---|---|---|
| **Offense2:** | LOITER | **Desc:** | Loitering W/int Narc | **Statute:** 385.50 | **Attempted:** |
| **Offense3:** | FLEEFT | **Desc:** | Flee Officer on Foot | **Statute:** 609.487.6 | **Attempted:** |
| **Offense4:** | OBSTRU | **Desc:** | Obst Legal Process | **Statute:** 609.50 | **Attempted:** |
| **Address:** | 5636 34 AV S Minneapolis, MN 55417 | | | | |
| **Occurred From:** | 05/10/2014 18:33 | | | **Dispatched:** | 18:33:00 |
| **Occurred To:** | 05/10/2014 18:40 | | | **Arrived:** | 18:33:00 |
| **Location:** | 56 ST E/58 ST E | | | **Cleared:** | 19:30:00 |
| **Minor Involved:** | No | | | | |

## Public Data

A1 was issued a judicial recepit for FLEE ON FOOT,OBSTRUCT AND LOITER. A1 was treated at HCMC for head trama suffered during the flee.

## Arrestee

| | | | |
|---|---|---|---|
| **Role / Role #:** | A001 | **MPD#:** | |
| **Name:** | Robinson, Michael Robert | | |
| **Residence:** | 5733 34 AV S Minneapolis, MN | | |
| **Telephone:** | C:612-501-5894 | C:952-200-9617 | |
| **Drv Lic #:** | MN None | | |
| **Date of Birth:** | 12/31/1969 | **Event Age: 44** | **Est. Age: 44 - 44** |
| **Race:** | Black | **Medical Treatment:** | No |
| **Sex:** | Male | **Prior Injury:** | No |
| **Height:** | 511 | | |
| **Build:** | LI | | |

### *Arrest Information*

| | | | |
|---|---|---|---|
| **Arrest Address:** | 5636 34 AV S MINNEAPOLIS, MN | **Precinct:** | 03 |
| **Arrest Date:** | May 10, 2014 16:00 | | |
| **Arrest Location:** | | | |
| **Disposition:** | Cited Released | | |
| **Arresting Officer:** | 000091: Anderson, Brian W | **Call/Sqd:** | |
| **Arresting Officer:** | 002877: Heger, Matthew James | **Call/Sqd:** | |

| Arresting Officer: | 004070: Gross, Tracy Ann | Call/Sqd: |
| Arresting Officer: | 004657: McTaggart, Sean William | Call/Sqd: |
| Arresting Officer: | 004883: Loonsfoot, Jill Marie | Call/Sqd: |

## Charges

| Status | Type | Charge Code | Statute | Citation | Related CCN |
|---|---|---|---|---|---|
| Misdemeanor | Misdemeanor | FLEEFT - Flee Officer on Foot | 609.487.6 | | |
| Misdemeanor | Misdemeanor | OBSTRU - Obst Legal Process | 609.50 | | |
| Misdemeanor | Misdemeanor | LOITER - Loitering W/int Narc | 385.50 | | |

## Personal Description

| Category | Description | Related Offense | Comments |
|---|---|---|---|
| Appearance | Nervous | FLEEFT | |
| Force Used | No | | |
| Injury Location | Head/Neck | | |
| Injury Type | Apparent Minor Injury | | |

## Relationships

None Defined

## Modus Operandi

| Category | Description | Related Offense | Comments |
|---|---|---|---|
| Crime Elements | Arrest(s) Made | FLEEFT | |
| Crime Elements | Arrest(s) Made | LOITER | |
| Crime Elements | Arrest(s) Made | OBSTRU | |
| Crime Location | Street/Sidewalk | FLEEFT | |
| Crime Location | Street/Sidewalk | LOITER | |
| Crime Location | Street/Sidewalk | OBSTRU | |

## Non-Inventoried Property

## Property and Evidence

| PI# | Item # | Description | Owner | Qty | Make/Mod/Ser # | Auth ID | Dsp Dt | Dsp Mnr |
|---|---|---|---|---|---|---|---|---|
| 2014-15108 | 1 | PHOTOGRAPHIC EVIDENCE (DISPOSABLE CAMERA) | | 1 | | | | |

## Case Supplements

**7 supplements begin on the following page.**

| Supplement number: | 1 | CCN: MP-14-154378 | Author: | 004070 - Tracy Gross |
|---|---|---|---|---|

Supplement of Off T.Gross #004070 on 05/10/2014 20:26

On above date and time, I was assigned to 3rd PCT CRT. I was in plain clothes and working an unmarked vehicle. I was assisting Officer Heger on a narcotics investigation. Officer Heger informed us that he received information of a black male, 6'2 skinny with pock marks on his face that goes by the name of Mike B, sells crack cocaine in and around Bossen terrace area. The male is known to reside at 5733 34 Ave S. This male was later ID as A1.

Officers had a CRI place a call to A1 via cell phone of 952-200-9617. A1 called back on 612-501-5894. The CRI placed an order for crack cocaine worth $60.00. A1 agreed and directed the CRI to meet him at the Laundromat next door to cross.Page market. 60th A1

and the CRI made several calls back and forth to each other.

Officers set up surveillance in unmarked vehicles. I watched as a male matching the above description exit a south facing door of 5733 34 ave s and walk into the parking lot of the Laundromat and to an apartment complex near bossen terrace. A1 returned back to this listed address. A short time later, A1 again exited out the south facing door and approached the laundromat. At that time, Officers got out of the unmarked vehicles to stop A1. I stayed in the vehicle with the CRI.

**END of Supplement 1**

| Supplement number: | 2 | CCN: MP-14-154378 | Author: | 004883 - Jill Loonsfoot |
|---|---|---|---|---|

Supplement of Off J.Loonsfoot #004883 on 05/10/2014 20:45

I'm assigned to the 3 Precinct Community Response Team, (CRT). Our unit main focus is enforcing narcotic issues in the 3 Precinct. I was working with Officer Gross and we were wearing plain clothes and driving an unmarked vehicle.

I was assisting Officer Heger on a narcotic investigation. The suspect lived at 5733 34 Avenue and had a phone number of 952-200-9617. I was in the vehicle with a CRI. I had a CRI (Confidential Reliable Informant) call the suspect's phone number from my work phone. My city issued phone number is 612-290-8013. The first call went to voice mail and a few seconds later he called my cell phone from number 612-501-5894. The CRI order up $60.00 worth of crack cocaine. The suspect told the CRI to meet at the laundry mat across the street from his residence.

Officer Heger gave officers a description of the suspect who lived at 5733 34 Avenue South. A black male, tall, skinny, pock marks on face, and mid 40's. Officers parked in the parking lot across from 5733 34 Avenue. Officers watch as a male exited that address that matched the suspect description. He walked across the street towards the laundry mat and walked to the rear of the address. A very short time later he returned to his address. The CRI called the suspect again from my phone and told him she was at the laundry mat waiting.

The suspect (later id as AP) exited his house and walked directly towards the laundry mat. When he was near the front door. I exited my unmarked vehicle and starting walking toward AP. At the same time Officer McTaggart was also walking towards him on foot. I and Officer McTaggart yelled POLICE and I showed him my badge.

At that time he looked at us and started running north in a yard (5736 34 Avenue South), then quickly east bound. The front yard had a wooden fence (4 to 5 feet high). AP tried to jump the fence and his foot caught the top of his fence. AP fell over the fence and hit the sidewalk. It appeared his head hit the sidewalk first.

AP tried to get up and run and Officer Heger had to restrain him on the ground. I had to continue to kneel on his legs because he was trying to kick at officers. He was handcuffed after a short struggle. AP was bleeding from the face and I assisted with first aid. He had a cut above his eye and I applied paper towel to his cut until medical arrived.

AP was transported to HCMC.

**END of Supplement 2**

| Supplement number: | 3 | CCN: MP-14-154378 | Author: | 002877 - Matthew Heger |
|---|---|---|---|---|

Supplement of Off M.Heger #002877 on 05/10/2014 21:12

On 5/10/14, I was assigned to the 3rd Precinct Community Response Team (CRT.) Officers assigned to this unit generally enforce narcotics and prostitution issues in the 3rd Precinct. I was assigned to an unmarked Police vehicle.

Officers were conducting a narcotics investigation. I received info from a CI about a male that deals narcotics that lived at 5733 34 Ave S. The info that I received was that a male that goes by the street name of "Mike B," deals crack cocaine from that address and also deals on foot in the Bossen Terrace and Sander Drive neighborhood. The CI info described "Mike B" as a black male, 602, thin build, light brown complexion, pock marked face, short hair and mid 40's. The phone numbers I had received for "Mike B" were 612-501-5894 and 952-200-9617. I passed this info along to Officer Gross and Loonsfoot who were with a CRI who was going to place a phone call to "Mike B."

I was conducting surveillance on the address and observed a male that matched the description leave the address of 5733 34 Ave S. I followed this male and he met up with another male in front of 5760 33 Ave S. "Mike B" appeared to make a hand to hand transaction with this male and quickly left and walked back to 5733 34 Ave S and went inside.

I was informed that the CRI had placed the phone call to "Mike B." Officers Gross and Loonsfoot informed us that "Mike B" would be

meeting the CRI with $60 dollars worth of crack cocaine and they would meet at the Laundromat across the street from "Mike B's" address. A short time after the phone call, the same male left the address and walked towards the Laundromat. Once the male was in front of the Laundromat, we attempted to make contact with him and verbally identifying ourselves as "Police."

The male, later ID'D as A1, ran NB into the yard of 5736 34 Ave S and cut EB. Once he got to the front fence (Approx 4-5 feet high) of 5736 34 Ave S, he attempted to jump the fence. A1's feet got caught on the top of the fence and he fell face first into the sidewalk. A1 immediately tried to get up and keep running but I was able to get on top of him before he was totally up. I was able to hold him down until other Officers arrived to assist. A1 continued to struggle with Officers and would not give up his hands and was digging in the front of his pants. A1 was also bleeding heavily from him face from hitting the sidewalk. Officers were eventually able to get A1 handcuffed but A1 continued to struggle and kick at Officers.

Officers immidiatley ordered an ambulance Code 3 from A1 as he was bleeding profusely from his face. Ambulance arrived and A1 was placed in the back. Officers backtracked where A1 ran but we were unable to locate any evidence. I took photographs of the fence at 5736 34 Ave S.

A1 was transported to HCMC. A1 was issued a judicial receipt for Loiter w/ Intent, Flee on Foot and Obstruct Legal Process.

**END of Supplement 3**

| Supplement number: | 4 | CCN: MP-14-154378 | Author: | 004657 - Sean McTaggart |

Supplement of Off S.McTaggart #004657 on 05/10/2014 21:30
On 5/10/2014 I was assigned to the 3rd PCT CRT Team. The main focus of the CRT Team is quality of life crimes such as prostitution and narcotics.

At approximately 1833 hours I was assisting Officer Heger with a narcotics investigation in the area of 5736 34th AV. The target later ID'd as A1 made his way across the lot headed toward the Mexican Restaurant next to Crosstown Market.

The order was given to go in and apprehend A1. I exited my unmarked vehicle in plain clothes and walked towards A1. As I got closer I identified myself as a Minneapolis Officer and told A1 to stop and that he was under arrest. A1 then took off running northbound and appeared to possibly have put something in his mouth. A1 then ran through the yard at 5736 34th AV towards the west. A1 came to the wooden fence in the front yard and jumped over it. As A1 jumped over his right foot caught on the fence and A1 landed face first on the concrete sidewalk in front of 5736 24th AV S.

I assisted in taking A1 into custody. A1 was actively resisting and trying to prevent officers from cuffing him. A1 kept reaching down the front of his pants in what appeared to be a effort to conceal narcotics.

A1 was finally cuffed and first aid was given to the cut on A1's forehead until HCMC Medics arrived.

I rode down to HCMC where A1 was taken to the Stab Room. While in the Stab Room A1 began to fight with the doctors and nurses that were treating him. A1 was then given something by the staff to calm him down.

I then accompanied A1 to the CT Room where A1 received a CT Scan that I was told came up negative. A1 again began to fight with staff. Staff again gave something to A1 to calm him down.

A1 was then transferred to a room in the ER. I took pictures of A1's injuries. The camera was property inventoried at the MPD Property Room.

**END of Supplement 4**

| Supplement number: | 5 | CCN: MP-14-154378 | Author: | 004657 - Sean McTaggart |

Supplement of Off S.McTaggart #004657 on 05/10/2014 22:33
I assisted Sgt Anderson with a search underneath A1's clothing in the HCMC Ambulance.

**END of Supplement 5**

| Supplement number: | 6 | CCN: MP-14-154378 | Author: | 000091 - Brian Anderson |

Supplement of Sgt B.Anderson #000091 on 05/10/2014 23:26

I am currently assigned to the 3PCT CRT as a supervisor. I was wearing a fully marked raid vest in an unmarked squad. On 05/10/2014 I was assisting Officers of the 3rd PCT CRT team regarding a narcotics investigation. I was assigned as the taken down squad. After getting set up around the Cross Town Market at 34th Ave S and 58th St E, officers identified the target dealer arriving at the location where the deal was going to occur, officers moved into arrest the target dealer. I approached from the south going north. As officer went to arrest AP1 for P/C narcotics he took off running before officer could grab him. I observed officers running after Ap1 going northbound.

Just as I got to the driveway of the Laundromat I saw Officer Heger run out of a yard next to a 5 foot wooden fence going around the property. I then saw AP1 attempt to jump the fence by putting his hand on top of the fence and jumping his feet over it. I saw his feet fail to clear the fence and his momentum propelled his body forward. Ap1 went face first over the fence and AP1 was unable to get his hands out in front of him and his face landed on the concrete sideway. I was approximately 100 feet away in the squad when this happened.

As I pulled up AP1 attempted to get to his feet to run again but Officer Heger was there and used his body weight to get him back to the ground and hold him until I arrived with other officers to assist in controlling AP1. I saw that AP1 was bleeding from his head as a result of hitting it on the sidewalk. AP1 continued to struggle with officers as they attempted to handcuff him. Officers had to force his arms behind his back as he attempted to keep them in front of him and appeared to be grabbing for something under his clothing. Once he was handcuffed he continued to struggle against officers as he was bleeding. Only body wieght was used to control Ap1 by officers. I took his do-rag off his head and used that to stop the bleeding from the cut on his eye brow. I called for ambulance to respond. We had to hold him on the ground to control him. AP1 then complained of breathing problems and saying he was disabled because of this back. We then rolled him on his side to allow him to breathe better. I did a quick search of AP1 and while checking his groin area I felt something that led me to believe it could be a baggie of narcotics. While we were doing this a female approached and stated that he was her boyfriend and became upset and started to cry. I asked if Ap1 was taking medication and she stated yes for his back.

When ambulance arrived we put Ap1 on the stretcher and put him in the rear of the ambulance. Based on what officers observed AP1 attempting to reach under his clothing and what I felt, I conducted a search under the clothing for narcotics. Once in the ambulance Officer Mctaggert and I conducted the search. When I pulled down his pants and examined his groin area I did not see anything. I looked at his pants that were pull up pants with a string around the waist and was knotted on the inside which turned out what I had felt. Ap1 then was transported to HCMC and I had Officer Mctaggert ride with the ambulance. Officer then retrace the route of AP1 and did not find any narcotics.

I went back to the 3rd PCT and assisted officers in attempting to identify AP1. The name that was in his wallet was not on file and was not matching up with info we had. I then contacted Officer Mctaggert at the hospital who stated that AP1 had fought with hospital staff and they had given him a sedative and was unable to communicate to get his name. I then contacted car 21 to respond and get finger prints from AP1 to properly identify him. As officers continued to identify him, they discovered a report from the address and ran a name and found a photo of AP1. Once we got his name we ran it and AP1 came up with a 1 felony warrant and several misdemeanor warrants.

I was informed by Officer Mctaggert that AP1 had a CT scan done and doctors stated that he was fine. They had to put stitches in but had to admit AP1 to the hospital because they believed that he had ingested narcotics and they had given him so much sedatives that he had to be observed for a certain period of time and would not be getting released until sometime tomorrow. After we identified him he was issued a judicial receipt for Loiter, flee on foot and obstruct and left at the hospital.

I contacted car 9 and Commander Granger about AP1 being admitted to the hospital. Photos were taken of AP1's injuries and inventoried.

**END of Supplement 6**

| **Supplement number:** | **7** | **CCN: MP-14-154378** | **Author:** | **106285 - Matthew Bune** |

Supplement of FS M.Bune #106285 on 05/11/2014 15:12
Crime Lab Unit - Identification
CCN 14-154378

On 5/10/2014, at approximately 1940 hrs., Sgt. Anderson, of 3rd PCT CRT, contacted Car 22 in regards to an individual needing to be identified at the Hennepin County Medical Center (HCMC) involved with fleeing officers. We were informed that Officer McTaggart was with the individual at HCMC.

Car 22 arrived at HCMC and proceeded to Room 1.208, where the individual was being held under sedation.

Under the supervision of SFS Jacobson, FS Carlisle took an exemplar of the individual's #1 right thumb for comparison purposes. Officer McTaggart provided us with a possible name of MICAHEL ROBERT ROBINSON, DOB: 12/31/1969.

Upon returning to the Crime Lab Unit, I obtained a fingerprint card bearing the name MICHAEL ROBERT ROBINSON, DOB: 12/31/1969; MPD #27440, from the MPD fingerprint files. I scanned the exemplar print and the #1 right thumb of ROBINSON, and printed them on photo paper for analysis and comparison.

I analyzed the obtained print for quality and found it to be sufficient for comparison. I then compared the obtained exemplar to the above fingerprint card with the following conclusion:

-#1 Right Thumb exemplar from individual at HCMC identified to the #1 Right Thumb of ROBINSON

The above conclusion was verified by SFS Jacobson.

The exemplar print, scanned photographs, and copy of the fingerprint card will be retained in the Crime Lab Unit.

WE HEREBY CERTIFY THAT THIS IS A REPORT OF THE CONCLUSIONS OF EXAMINATIONS PERFORMED BY US.

FS M. Bune
Minneapolis Police Department Crime Lab Unit

SFS K. Jacobson
Minneapolis Police Department Crime Lab Unit

FS D. Carlisle
Minneapolis Police Department Crime Lab Unit
**END of Supplement 7**

**End of report for case MP-14-154378. Print ID: 4143188d-18be-4eae-84b3-0c4f5a420d22**

Exhibit #1 Complaint A Exhibits

**HCMC HOSPITAL**
Hennepin County Medical Center
Health Information Dept./ R O I
701 Park Ave. R L H I M
Minneapolis MN 55415

**ROBINSON,MICHAEL ROBERT**
MRN: 0728140
DOB: 12/31/1969, Sex: M
Acct #: 2710600943
Adm: 5/10/2014 Dsch: 5/25/2014

**Hennepin County Medical Center**

## Admission Information

| Arrival Date/Time: | 05/10/2014 7:16 PM | Admit Date/Time: | 05/10/2014 7:16 PM | IP Adm. Date/Time: | 05/10/2014 11:11 PM |
|---|---|---|---|---|---|
| Admission Type: | Emergency | Point of Origin: | Physician Referral | Admit Category: | None |
| Means of Arrival: | Ambulance | Primary Service: | Medicine | Secondary Service: | None |
| Transfer Source: | None | Service Area: | Hcmc-hfa Sa | Unit: | Medicine 2 Inpt |
| Admit Provider: | Nystrom, Paul C, MD | Attending Provider: | Kerzner, Lawrence J, MD | Referring Provider: | Referral, Self |

### Reason for Admission

| Encephalopathy, toxic : Primary | 349.82 |
|---|---|
| Altered mental status | 780.97 |

## Discharge Information

| Discharge Date/Time | Discharge Disposition | Discharge Destination | Discharge Provider | Unit |
|---|---|---|---|---|
| 05/25/2014 11:31 AM | Discharged To Home Or Self Care (Routine Discharge) | Dsch - Home | Kerzner, Lawrence J, MD | Medicine 2 Inpt |

## ED Records

### ED Arrival Information

| Arrival | Acuity | Means of Arrival | Escorted By | Service | Admission Type |
|---|---|---|---|---|---|
| 5/10/2014 19:16 | Resuscitation | Ambulance | - | Medicine | Emergency |
| **Arrival Complaint** | | | | | |

### ED Chief Complaint

Altered Mental Status
Fall
Head Injury

### Diagnosis

| Diagnosis | Comment | Added By | Time Added | Team Role |
|---|---|---|---|---|
| Altered mental status [780.97] | | Klein, Lauren Ruth, MD | 5/10/2014 9:05 PM | ED PMP |

### ED Disposition

| Admit | Bed Type?: ICU [8] |
|---|---|
| | Patient Class: Inpatient [1] |

## All Notes

**ED Notes by Taylor, Jessica M, RN at 5/10/2014 7:15 PM**

| Author: Taylor, Jessica M, RN | Service: (none) | Author Type: Registered Nurse |
|---|---|---|
| Filed: 5/10/2014 7:45 PM | Note Time: 5/10/2014 7:15 PM | Status: Signed |
| Editor: Taylor, Jessica M, RN (Registered Nurse) | | |

Pt is 40 yo male BIBA from scene due to fall and altered mental status. Pt was being chased by police, climbed a 4 foot fence, was standing on fence then fell head first into concrete. Pt landed on right temple, no initial LOC at scene, but medics report pt became less responsive en route, now arouses to pain. Pt arrives in c-collar, laceration to right temple, abrasions right cheek and right forehead. Bleeding controlled. Also has multiple abrasions on knees, feet and hands. Police report pt was drinking and doing other drugs, and also may have possibly swallowed some bags of crack cocaine. Upon arrival, pt arouses to pain, then became very agitated and aggressive. Security at bedside, pt given 500 mg Ketamine IM and placed in 4 point restraints for safety. Pt still confused and yelling out. Tachycardic and blood pressure elevated. Pt responded well to ketamine, calmer. IV access obtained, 2 L NS started. Pt then escorted to CT scan and then to A5 for further monitoring.

signed by,Taylor, Jessica M, RN at 5/10/2014 7:45 PM

Exhibit #2



HCMC HOSPITAL
Hennepin County Medical Center
Health Information Dept./ R O I
701 Park Ave. R L H I M
Minneapolis MN 55415

ROBINSON,MICHAEL ROBERT
MRN: 0728140
DOB: 12/31/1969, Sex: M
Acct #: 2710600943
Adm: 5/10/2014  Dsch: 5/25/2014

---

**All Notes (continued)**

Progress Notes by Molnar, Lisa M, RD at 5/21/2014 3:47 PM (continued)

signed by,Molnar, Lisa M, RD,at,5/21/2014 3:47 PM

Progress Notes by Ryan, Deborah J, RN at 5/21/2014 4:58 PM

| Author: Ryan, Deborah J, RN | Service: (none) | Author Type: Registered Nurse |
| Filed: 5/21/2014 5:00 PM | Note Time: 5/21/2014 4:58 PM | Status: Signed |
| Editor: Ryan, Deborah J, RN (Registered Nurse) | | |

PICC Team Note:
Came to assess left PICC site as patient has phlebitis in his lower left arm from IV sites. Did not see any signs of phlebitis at or above his PICC site

signed by,Ryan, Deborah J, RN,at,5/21/2014 5:00 PM

Progress Notes by Davies, Scott F, MD at 5/21/2014 8:22 PM

| Author: Davies, Scott F, MD | Service: Medicine | Author Type: Physician |
| Filed: 5/21/2014 8:36 PM | Note Time: 5/21/2014 8:22 PM | Status: Signed |
| Editor: Davies, Scott F, MD (Physician) | | |

### FACULTY NOTE

I saw and evaluated the patient today, 5/21/2014.  I discussed with the resident/fellow and agree with the findings and plan documented in Dr. Eklund's note from today.

44 year old with prolonged mental status changes with agitation and fluctuating mental status. Presented when chased by police - was okay shortly before that - however had trauma form fall, had also swallowed cocaine and had extreme agitation requiring sedation and support when he was brought to hospital. Has stress cardiomyopathy in context of that extreme agitation and sympathic surge. .

Context was heavy chronic alcohol use (htough he was not intoxicated when event started) and there may have been component of withdrawal. He has also has had series of medications to try to control agitation. Now being fed with feeding tube. More verbal, at times seems clearer. Psychiatry and neurology are seeing him and trying to help find medication regimen that keeps him calm but not too sedated. Has had repeat CT today that shows no structural lesions. There was concerned of some facial weakness and also he has somewhat slurred speech.

PT and OT are seeing him.  Hopefully will make progress but timeframe of that progress is not clear. May well need period of low tolerance rehab. If he improves might benefit from more intense rehab at Knapp.

Met with one of his brothers today at bedside.  In his view patient was doing fine and trouble was caused by police. He did not see the chronic alcohol causing him any impairment on the day of the incident (he had just talked to him) , and really does not see the importance of the toxicity from the stuffed cocaine. He did see all the facial trauma and has pictures of that. . He also  feels that our communication has been inconsistent.

---

                    City Ex. 1, Page 21 of 60



HCMC HOSPITAL
Hennepin County Medical Center
Health Information Dept./ R O I
701 Park Ave. R L H I M
Minneapolis MN 55415

ROBINSON,MICHAEL ROBERT
MRN: 0728140
DOB: 12/31/1969, Sex: M
Acct #: 2710600943
Adm: 5/10/2014   Dsch: 5/25/2014

### All Notes (continued)

**Discharge Summaries by Kerzner, Lawrence J, MD at 5/25/2014 10:24 AM (continued)**

Oropharynx: lips, mucosa, and tongue normal. Posterior pharynx clear.
**Neck:** Neck supple, no adenopathy
**Pulmonary:** lungs clear bilaterally and no crackles, wheezes or rales
**Cardiovascular**
Heart: regular rate and rhythm, S1, S2, no murmurs/rubs/gallops
Peripheral vascular:  Distal extremities warm and well perfused.
**Gastrointestinal**
Abdominal: soft, non-tender, non-distended, normoactive bowel sounds
**Extremities:**
No edema
**Skin:** normal skin color, texture, and turgor.  No rashes or lesions.
**Neurologic:** attention and concentration normal, AOx3. Moving all four extremities equally. Normal gait. Slurring of speech (chronic).
**Psychiatric:** alert, oriented, cooperative, normal affect.

**Interpreter Needed:** no

## PLANNED DISCHARGE ORDERS:

| | Robinson, Michael Robert |
|---|---|
| **Medications** | HAR:2710600943 |
| | Printed on:05/26/14 1840 |

| Medication | | | | |
|---|---|---|---|---|
| carvedilol (COREG) 12.5 mg oral tablet Take 1 tablet (12.5 mg) by mouth twice daily. | | | | |
| lisinopril (PRINIVIL;ZESTRIL) 10 mg oral tablet Take 1 tablet (10 mg) by mouth daily. | | | | |

### Discharge Procedure Orders

**Patient Instruction/Education**

*Order Comments:* Medication Instructions: instruct patient on importance of taking medications as prescribed and using medication refill line.
*Scheduling Instructions:* Specify what patient education is needed.

**Why you were at the hospital:**

*Order Comments:* You were in the hospital for respiratory failure, pneumonia and heart failure after drug use. You were also monitored until mental status cleared to baseline, mood stabilized and until you were able to walk steadily without assistance.

**Heart Failure Instructions:**
*Order Comments:* Please call your Primary Care Provider or your Cardiologist if:
-- you GAIN 2 or more pounds in one day or 5 pounds over a week
-- you have INCREASED SWELLING in your legs, ankles, or feet.

Exhibit 5



**HCMC HOSPITAL**
Hennepin County Medical Center
Health Information Dept./ R O I
701 Park Ave. R L H I M
Minneapolis MN 55415

ROBINSON,MICHAEL ROBERT
MRN: 0728140
DOB: 12/31/1969, Sex: M
Acct #: 2710600943
Adm: 5/10/2014   Dsch: 5/25/2014

---

**All Notes (continued)**

Discharge Summaries by Kerzner, Lawrence J, MD at 5/25/2014 10:24 AM (continued)

protect his airway. Extubated a few days later and no problems with oxygenation since. Treated aspiration pna.

**Aspiration pneumonia, resolved:** Treated with unasyn for 7 day course ending 5/19. Still having some cough. No recent fevers or leukocytosis.

**Rhabdomyolysis:** Patient had intermittent elevations of CK up to 2000's after periods of prolonged agitation requiring being held down. Decreased when he becomes calm. Good urine output. Creatinine stable. Potassium ok. CK 914 most recently, topped trending given improvement in levels in addition to resolution of cause (agitation).

**HOSPITAL COURSE:** Per MICU transfer summary dated 5/23/14: *"Patient is a 44 year old male with unknown medical history admitted on 5/10/2014 with acute delirium due to alcohol and cocaine intoxication (after swallowing). Intubated due to acute respiratory failure. He finished treatment for aspiration pneumonia (unasyn) and RUE thrombophlebitis (vanco). Extubated after 2-3 days. He was noted to have acute pulmonary edema, most likely due to atypical stress cardiomyopathy in the setting of sympathomimetic poisoning. EF of 35% which is new. Ongoing severe agitation and aggression preventing sedation weaning for > 7 days, numerous prns throughout the day with restraints proving at times inaffective. Feeding tube placed 5/20 after 10 days without any nutrition. Repeat head CT without evidence of stroke, EEG negative. Neurology and psychiatry helpedwith trying to find a medication regimen to keep patient more calm, but not overly sedate him. Started on high dose thiamine in case of possible wernickes. 5/21 patient began to become more orient and less hostile. Able to come off precedex and reduce amount of prns. Significant improvement over 2 day span and able to work with pt/ot. PM&R consulted and will continue assessment over next few days to see if knapp rehab candidate or not."*

His agitation and deconditioning continued to improve at a rapid rate following transfer to the general medicine floor on 5/23/14, and his medications for this were weaned off completely. Per the patient as well as his significant other he was at his mental, behavioral and physical baseline the last two days of hospitalization. Was observed by the primary care team to ambulate independently and safely and was discharged home on 5/25/14.

**RECOMMENDATIONS AND FOLLOWUP:**
--F/u with PCP in 1-2 weeks
--Continue coreg and lisinopril
--Repeat TTE in 4-6 weeks

**PENDING TESTS RESULTS:** None

Active Problems:
  Encephalopathy, toxic

**PHYSICAL EXAMINATION:**

**Constitutional:**
  General appearance: alert, cooperative, and in no distress
  Most recent Vital Signs: BP 133/78 | Pulse 87 | Temp(Src) 36.5 °C (97.7 °F) (Tympanic) | Resp 18 | Ht 1.803 m (5' 11") | Wt 65 kg (143 lb 4.8 oz) | BMI 20 kg/m2 | SpO2 99%
  **Eyes:** anicteric
  **HENT**
  Head: Healing abrasion on right side of face.

---

City Ex. 1, Page 23 of 60

Complaint C Exhibits

Supplement of Off J.Karshbaum #003643 on 10/08/2014 20:02

On 10/08/2014 3rd Precinct Community Response Team (CRT) began a detail/investigation to locate AP1/Robinson who has active felony warrants. AP1/Robinson is well-known to officers due to two narcotics investigation. Yesterday officers executed a warrant at 5733 34th Ave S on AP/Robinson's residence. During this warrant AP/Robinson fled and fought with police. AP/Robinson was hospitalized after the incident and officers were unable to book him into HCJ on either the current narcotics case or his active warrants. Officers know AP/Robinson to be combative and violent from previous encounters.

Today officers confirmed AP/Robinson had been released from the hospital. Officers set up surveillance in the area of 5733 34th Ave S (his residence) and 5712 34th Ave S;       previously advised AP/Robinson had been inside an apartment near the NE corner of this complex selling narcotics on several occassions with an older B/M known as "Earl".

During surveillance in an unmarked vehicle in plain clothes as the passenger officer with Officer Loonsfoot I observed AP/Robinsons' girlfriend (Latasha Williams) walk from 5733 34th Ave S to 5712 34th Ave S several times. On most of these occassions Williams went into 5712 34th Ave S with items and returned with her hands empty. Officers conducted surveillance for approximately 2 hours.

Officers then received citizen information AP/Robinson was currently inside 5712 34th Ave S in a northern basement apartment with a black male known as "Earl". Officers from P3 CRT, Lt May, and several uniformed officers attempted a knock and talk at 5712 34th Ave S, apartment C. I was assigned to perimeter on the north side of the complex. As officers advised they were in the entry awaiting entry through the secured outer complex door I observed a male, black with a goatee and do-rag on his head quickly peek out the bathroom window from a basement unit. The male matched the description of AP/Robinson who I have had occasion to observe several times in the past day. A short time later officers were allowed entry into this apartment and Officer Loonsfoot looked out this same window which was found to belong to apartment C. The male I observed look out this window was not located in the apartment.

A few minutes later officers advised they had AP in the laundry room.
**END of Supplement 1**

**Supplement number:** 2   **CCN:** MP-14-357873   **Author:**   **001027 - Bryan Castle**

Supplement of Off B.Castle #001027 on 10/08/2014 20:23

On 10/08/2014 I was assigned to the Third Precinct Community Response Team (CRT). The primary focus of the Community Response Team is to enforce livability crimes that affect the Third Precinct such as prostitution and narcotics issues. On today's date I was wearing plain clothes, driving an unmarked Minneapolis Police vehicle, assisting officers with surveillance in an attempt to locate A1/Robinson. A1/Robinson was known to have several outstanding warrants including two felony level warrants, he is known to flee from police, and A1 was the subject of a search warrant by CRT officers on 10/07/2014.

This afternoon I was doing surveillance on 5712 34th Avenue South and on 5733 34th Avenue South. While doing surveillance for approximately two hours, I watched as A1's girlfriend, identified as Latasha Williams make several trips between her home address at 5733 34th Av South, and the apartment building located at 5712 34 Av South.

While doing surveillance, I was informed that information had been received that A1/Robinson was thought to be in apartment C inside the 5712 34th Av South address. I moved from my location, and I stood outside the front of the building, covering the apartment's windows, as uniformed officers entered the building. After officers aired that they were Code Four, I walked to the front steps of the building and stood at the door, holding the door open. While I was standing at the front door I heard officers giving loud verbal commands to an unknown person from the lower floor of the building. I then entered the building, ran down the stairs, and I entered the building's laundry room where I could hear the loud voices from. I also heard the sound of a Taser being deployed. As I entered the laundry room, A1/Robinson was falling to the floor. When Taser cycle ended I used my body weight to pin A1 to the floor and I pulled A1's right arm behind his back so I could handcuff him. When I tried to handcuff A1's left arm, A1 would not put his hand behind his back. I told A1 several times to get his hand behind his back, but A1 refused to comply. In addition, A1's left hand was tucked under his body near his waist and his elbow and upper arm were visible.

While I was holding my handcuffs I grabbed A1's right arm, pulled his arm away from his body so I could see his hand. I then pulled his left hand behind his back and I completed handcuffing A1/Robinson.

Once A1 had been taken into custody, he was searched incident to arrest and placed in the rear of a squad car. A1 was later transported to HCJ where he was booked on his warrants. Lt. May was informed of my use of force.

**END of Supplement 2**

CASE 0:18-cv-00491-JRT-TNL Document 1-1 Filed 02/20/18 Page 26 of 60

---

| Supplement number: 3 | CCN: MP-14-357873 | Author: | 005938 - Christopher Reiter |

---

Supplement of Off C.Reiter #005938 on 10/08/2014 21:23

On 10/08/2014 I was assigned to P3 CRT (Community Response Team). At approximately 1530 hrs I arrived near the intersection to do surveillance on 5733 34th Ave S with other Officers in regards to the suspect from CCN 14-356401. I was in an unmarked car, in plain clothes. We had information from                    that the suspect may be in an apartment building located at 5712 34th Ave S. The . . .  gave Officers information that she had purchased crack/cocaine from the suspect (later identified as A1) from the apartment building located at 5712 34th Ave S (          stated that it was the lower apartment on the right side of the building as you face the building from 34th Ave S, and stated that the apartment faces 34th Ave S) from A1.          said that a man named "EARL" lives in the apartment.

I watched 5733 34th Ave S for approximately two hours. During that time, I saw LATASHA LANA WILLIAMS DOB 01/04/1976 (OT1) walk from 5733 34th Ave S to 5712 34th Ave S, and then back to 5733 34th Ave S. I saw that OT1 was carrying property TO 5712 34TH Ave S, but would return to 5733 34th Ave S with no property. I saw this occur four times during the time I was watching the 5733 34th Ave S address.

While I was watching 5733 34th Ave S,        n that wished to remain anonymous said that A1 was in the apartment building located at 5712 34th Ave S. '          stated that he saw A1 in the apartment with a man named "Earl".          said that          did not know what A1 was wearing, but said that "Earl" was wearing a white "wife beater", and pants.          said that he was not sure what the apartment number that "Earl" lived in, but said that it was the lower apartment on the right side of the front entry door.

I drove          from my location pass the apartment building that A1 was believed to be in. pointed to the building with the address of 5712 34th Ave S and said "It's that building right there". I asked          if it was the building with the 5712 address on it.          said "Yes. It's the apartment on the bottom floor on the right side of the front entrance door".

          said that he picked up A1's belongings from HCMC at approximately 0630 on 10/08/2014, and gave them to OT1. OT1 would then bring the belongings to A1.          again requested that they remain anonymous, and requested to leave the area before any action was taken. The citizen left the area.

Marked squads were called to assist. I drove my unmarked car to the front of the address and walked to the front of the address with Officers in full MPD uniforms. I had my badge hanging from my neck on a lanyard on the outside of my shirt. I was at the front door for approximately two minutes. I saw A2 (who I immediately recognized as EARL MOSLEY from the search WT that was executed at 5733 34th Ave S on 10/07/2014. MOSLEY was in the living room when the search WT was executed) walk out from a hallway from the North side of the building on the bottom floor of the apartment building. A2 was wearing a white tank-top and jeans. A2 began walking towards the front entrance door. I waved at A2 motioning for him to come let me in. A2 slowly walked towards me. As A2 walked to the front door, he looked back towards a door that was on the NW corner of the building. A2 walked up to the door, stopped, looked at the door located at the NW corner of the building for approximately five seconds, then opened the front door.

I asked A2 what apartment he lives in. A2 said "C". I asked A2 if there was anyone else in there. A2 said "No". I asked A2 if his apartment faces 34th Ave S. A2 said "Yes". I asked A2 if I can look in his apartment. A2 said "Yes".

I walked in to the apartment. I could see that A2's apartment was on the right side of the building (NE corner), and saw that the windows faced 34th Ave S. I searched the apartment. There was no one in the apartment.

I was advised by another Officer that they has seen someone moving around from inside the apartment just prior to me gaining access to the building. I asked A2 if he saw MIKE (A1). A2 said that he had not seen A1 since the search warrant was executed.

I was advised by another Officer that they thought that he saw someone moving in the lower level laundry room. The laundry room is the door on the lower floor, on the NW corner of the building. I opened the laundry room door. I saw that one of the machines was slightly pulled away from the wall. I looked behind the machine and saw A1 looking up at me. A1 was hiding behind the machine.

I yelled at A1 "Police, you are under arrest", to put his hands up, and ordered him out from behind the laundry machine at gun-point. A1 put his hands up, and slowly began coming out from under the clothes machine. A1 began looking at the laundry room door. A1 came out from behind the laundry machine. The whole time I was yelling at A1 to get on the ground and keep his hands up. The laundry room door was closed, and there were no other Officers in the laundry room with me at that time, and I knew that A1 has fought with Police in the recent past.

A1 was not going to the ground. A pulled out my CED, turned it on, and pointed it at A1. I yelled at A1 at least three times that I was going to taze him if he did not go to the ground. A1 quickly dropped his right hand and put it in his waistband. Fearing that A1 was going for a weapon, I deployed my CED at A1 and administered one cycle from my CED. Both probes struck A1 in the middle of his torso on the front. A1's right hand came out of the waist band of his pants, and he fell to the ground on his back.

Other Officers began entering the laundry room. I yelled at A1 repeatedly to lay on his stomach. A1 was assisted to the prone position. Officer Castle began to secure A1 in handcuffs. A1 began to pull away from Officer Castle. A1 now had his left hand tucked under him, towards his waistband. A1 was ignoring numerous commands to put both of his hands behind his back. I kicked A1 three times on the right side of his torso. A1 put his left arm behind his back. A1 was secured in handcuffs, assisted to his feet, searched, and escorted out of the building.

A2 had a small cut on his head that was leaking a small amount of blood. A1 told me that the injury was from his incident with Police one day prior to this event. I requested EMS as a precaution.

I spoke with A2. A2 stated that A1 had come to his apartment earlier in the day. A2 was not sure of the exact time, but sad that it was "definitely before noon". A2 said that A1 had been in the apartment all day. A2 said that OT1 had been bringing A1 clothes and personal belongings throughout the day. A2 said that he saw A1 run out of the apartment just prior to opening the front door to the building for Officers. A2 would not offer me a reason as to why he lied about not seeing A1 when I initially spoke with him.

EMS arrived and cared for A1.

A1 was transported and booked in to HCJ for his multiple WT's.

A2 was issued a Judicial Release Receipt for OBSTRUCT and released at the scene.

Both of the probes from my CED fell off of A1. Both probes and wires were collected prior to A1 being booked. The probes, wires, and fired cartridge was property inventoried at City Hall. My CED had been downloaded.

Lt. May was advised of my use of force against A1.
**END of Supplement 3**

MPD CAPRS Case Report With Supplements - MP-14-357873

| Supplement number: 4 | CCN: MP-14-357873 | Author: | 004883 - Jill Loonsfoot |
|---|---|---|---|

Supplement of Off J.Loonsfoot #004883 on 10/08/2014 21:25

I'm assigned to the 3 Precinct Community Response Team, (CRT). Officers were doing an attempt pick up from a narcotic search warrant on 10/7/2014 where the suspect was released from HCMC. The suspect (Robinson) has fought and fled from police on two different occasions and had two active felony warrants and a current narcotic charge.

I received information from                                          that the Robinson has been seen dealing narcotics at 5712 34 Avenue South, lower right apartment, several times in the last two weeks. A concerned            also informed police that Robinson was seen the lower apartment today.

Officers of CRT set up surveillance in the area and observed Robinson girlfriend enter the apartment with items. She would stay for a short time, and then exit the apartment building empty handed. She did this several times while officers were doing surveillance.

Members of CRT, Lt May, and four uniformed Officers went to 5712 34 Avenue. I was watching the rear and north windows. When officers were attempting to get inside the apartment, Officer Karshbaum informed me a male just looked out of a small window at her then quickly pulled away. Officer Karshbaum said it looked like Robinson. A male, later id as AP2, let officers look in his apartment, I checked with Officer Karshbaum and looked out the window that officer Karshbaum believed Robinson looked out of and she informed me I had the right window. AP2 said he did not know where Robinson was and has not seen him, and he lived at that apartment, number C.

Across the hallway from AP2 is a small laundry room with a couple of washing machines and dryers, I opened the door and smelled marijuana. I looked around and started walking out of the apartment building, when I heard Officer Reiter yell "POLICE, SHOW ME YOUR HANDS." I ran into the laundry room and Robinson was behind a dryer. At that time Officer Reiter deployed his Taser at Robinson. Robinson fell to the ground where Officer Castle was restraining the upper body and one handcuffed was applied. Robinson was hiding his other hand underneath his body area. Officer Reiter was kicking at his arm area and officers were trying to pull his arm out from underneath him. After a struggle, the officers were finally able handcuffed the suspect.

Robinson was escorted to a marked squad where he received medical treatment from HCMC and released. Photographs were taken of Robinson and the camera chip was property inventoried. Robinson was booked at HCJ on two felony warrants.

Charges will be completed on a narcotic search warrant executed on 10/7/2014 CCN 14-356401. AP2 was tagged for Obstruct and released.

**END of Supplement 4**

---

**End of report for case MP-14-357873. Print ID: 1e3c5f27-bcb7-41a4-901c-2490fe36c156**

---

Complaint-c-
Exhibit c1

Door was block
by both officer's

Plain
Clothes          Uniform
officer          officer

Officer Reiter
continue to kick
on me while pin          Kick on         Handcuffed
down and being          here            by officer after being kick on
cuffed i began          Kick on here
to coverup          Face, head          Face, head

arms visible

dryer                    Fell here    layed Here          sank

got tased here

dryer                                                       washer

dryer                                                       washer

Plaintiff came out From here hands up

MPD CAPRS Public Information Report - MP-14-356401

*Complaint-B-Exhibit D*

## Public Information Report

### Minneapolis Police Department

**CCN: MP-14-356401**

## Report Details

| | | | |
|---|---|---|---|
| **Reported Date:** | Oct 7, 2014 18:24 | **Reporting Officer:** | 005938: Christopher Reiter |
| **Last Uploaded:** | Oct 7, 2014 | **Date Printed:** | Dec 20, 2017 |
| **Related CCN :** | — | | |
| **Precinct:** | 03 | | |

## Incident Details

| | | | | |
|---|---|---|---|---|
| **Offense1:** NARC | **Desc:** Narcotics Violation | **Statute:** | 152.02 | **Attempted:** |
| **Offense2:** OBSTRU | **Desc:** Obst Legal Process | **Statute:** | 609.50 | **Attempted:** |
| **Offense3:** FLEEFT | **Desc:** Flee Officer on Foot | **Statute:** | 609.487.6 | **Attempted:** |
| **Offense4:** WT | **Desc:** Warrant | **Statute:** | | **Attempted:** |
| **Offense6:** FORCE | **Desc:** Use Of Force | **Statute:** | | **Attempted:** |
| **Address:** | Not Available. Contact the Minneapolis Police Records Unit, 350 S. 5th Street, Room 31, Minneapolis, MN 55415, 612-673-2808, datapractices@ci.minneapolis.mn.us | | | |
| **Intersection:** | Not Available. Contact the Minneapolis Police Records Unit, 350 S. 5th Street, Room 31, Minneapolis, MN 55415, 612-673-2808, datapractices@ci.minneapolis.mn.us | | | |
| **Occurred From:** | 10/07/2014 16:45 | **Occurred To:** | 10/07/2014 17:25 | |

## Public Data

A search WT was executed at the above location. Evidence was inventoried.

REC: FURTHER INVESTIGATION.

## Arrestee

| | | | |
|---|---|---|---|
| **Role / Role #:** | A001 | **MPD#:** | |
| **Name:** | ROBINSON, MICHEAL ROBERT | | |
| **Residence:** | 5227 Logan AV N | | |
| | MINNEAPOLIS, MN 55430 | | |
| **Telephone:** | C:unknown | | |
| **Date of Birth:** | 12/31/1969 | **Event Age: 44** | **Est. Age: 44 - 44** |
| **Race:** | Black | **Medical Treatment:** | Yes |
| **Sex:** | Male | **Prior Injury:** | No |
| **Height:** | | | |
| **Build:** | | | |

### *Arrest Information*

| | | | |
|---|---|---|---|
| **Arrest Address:** | | **Precinct:** | |
| **Arrest Date:** | Oct 7, 2014 17:30 | | |
| **Arrest Location:** | | | |
| **Disposition:** | Booked County | | |
| **Arresting Officer:** | 000081: Alvarado, Walter Ivan | **Call/Sqd:** | 8312 |
| **Arresting Officer:** | 001027: Castle, Bryan Lee | **Call/Sqd:** | 397 |
| **Arresting Officer:** | 002077: Foulkes, Omar Vachel | **Call/Sqd:** | 8312 |
| **Arresting Officer:** | 003289: Jindra, Jeffrey Raymond | **Call/Sqd:** | 380 |
| **Arresting Officer:** | 003643: Karshbaum, Jamie Simpson | **Call/Sqd:** | 394 |
| **Arresting Officer:** | 004057: Lecy, Steven Duane | **Call/Sqd:** | 399 |

Complaint B Exhibits

DOC ID, 8126358776    PAGE: 001 OF 003



**HENNEPIN-EMS**
MC-825, 701 Park Avenue
Minneapolis, MN 55415
612-873-5678

Incident Number  14062767
Patient  MICHAEL R ROBINSON
Complaint  Unconscious
Case Status  CLOSED

## INCIDENT

| | |
|---|---|
| Case # | {B301752E-B9DS-4400-AE3A-353F52DE4D74} |
| Incident # | 14062767 |
| Case Status | CLOSED |
| Incident Type | UNCON - Unconscious |
| Urgency To Scn | EMERGENCY |
| Address | 5727 35 AV S |
| City, St., Zip | MINNEAPOLIS, MN 55417 |
| Loc. Type | HOME/RESIDENCE |
| Loc. on Disp | ON THE AIR |
| Agency/Unit | HCMC / E432 |
| Shift/Veh. | P09 / |
| SkillSet | Paramedic |
| Delay to Scn. | NONE |

Role: Name (Qualification) Emp. Cert. Badge

DRIVER: Angela M Holland (Paramedic),
516697
ATTENDANT: Lloyd Dalbec (Paramedic),
226387

## PATIENT

| | |
|---|---|
| Name (First/MI/Last) | MICHAEL R ROBINSON |
| Gender | M |
| DOB/Age | 12/31/1969 44 yr |
| Race/Lang. | Black / African American / |
| Weight | 82 kg |
| Address | 3733 34TH AVE S |
| City, St. Zip | MINNEAPOLIS, MN 55417 |
| Case Type | ALS1 |
| Service Type | 911 Request - Priority 1 |
| Insur. Co. | UNKNOWN |
| Resp. Party | MICHAEL ROBINSON |
| Address | 3733 34TH AVE S |
| City, St. Zip | MINNEAPOLIS, MN 55417 |

## DATES/TIMES

| | |
|---|---|
| DISPATCHED | 10/07/2014 17:24:55 |
| MOBILE | 10/07/2014 17:25:01 |
| AT LOCATION | 10/07/2014 17:29:13 |
| AT PATIENT | 10/07/2014 17:29 |
| DEPART LOCATION | 10/07/2014 17:42:10 |
| ARRIVED DESTINATION | 10/07/2014 17:51:48 |
| CLEAR | 10/07/2014 18:26 |
| Trip Distance (mi) | 6.0 |

## Hx PRESENT

| Subject | Description/Details |
|---|---|
| Cause | FIGHT/BEATING/BRAWL WEAPON(S): BLUNT OBJECT (BAT, POLE, ETC) ALCOHOL/DRUGS: ALCOHOL AND DRUGS - SUSPECTED |
| Complaint | UNRESPONSIVE ONSET TYPE SUDDEN ONSET: UNKNOWN DURATION: STILL PRESENT PROVOKED BY: UNKNOWN |
| Symptom | UNRESPONSIVE |

pt hit in the head with a gun.

## Hx PAST

| Subject | Description/Details |
|---|---|
| Allergies | Unknown |
| Medications | Unknown |
| Pre-existing | UNKNOWN |

## FINDINGS

| Subject | Description/Details |
|---|---|
| Initial | PTFOUND POSITION: LYING ON SIDE - L |
| | LOC ORIENTATION: UNABLE TO ASSESS AVPU: UNRESPONSIVE |
| | AIRWAY STATUS: PATENT |
| | BREATH QUALITY: SHALLOW |

MRN: 4861035 M   DOB: 12/31/1969 (44 yrs)
Robinson,Michael Robert
ADM: 10/7/2014 1758 RM: ED HCMC A10
HAR: 2711834656   CSN: 3032682830
D:         T:         INT:



**HCMC HOSPITAL**
Hennepin County Medical Center
Health Information Dept./ R O I
701 Park Ave. R L H I M
Minneapolis MN 55415

ROBINSON,MICHAEL ROBERT
MRN: 0728140
DOB: 12/31/1969, Sex: M
Acct #: 2711834656
Adm: 10/7/2014  Dsch: 10/8/2014

### Discharge Instructions Provided to Patient (continued)

#### Admission Information (continued)

Admit Provider: Brunette, Douglas D, MD    Attending Provider: Madhar, Asha M, MD    Referring Provider: None

#### Reason for Admission

| | | |
|---|---|---|
| Metabolic acidosis, increased anion gap  - Primary | | 276.2 |
| Altered mental status | | 780.97 |

#### Discharge Information

| Discharge Date/Time | Discharge Disposition | Discharge Destination | Discharge Provider | Unit |
|---|---|---|---|---|
| 10/08/2014 11:05 AM | Left Against Medical Advice Or Discontinued Care | Dsch - Against Medical Advice | Madhar, Asha M, MD | Care 1 Card Renal Inpt |

### ED Records

#### ED Arrival Information

| Arrival | Acuity | Means of Arrival | Escorted By | Service | Admission Type |
|---|---|---|---|---|---|
| 10/7/2014 17:58 | Resuscitation | EMS | Police | Medicine | Urgent |

**Arrival Complaint**
head injury, AMS

#### ED Chief Complaint

**Altered Mental Status**
Head Injury

#### Diagnosis

| Diagnosis | Comment | Added By | Time Added | Team Role |
|---|---|---|---|---|
| Altered mental status [780.97] | | Kornas, Rebecca Louise, MD | 10/7/2014 6:11 PM | |

#### ED Disposition

**Admit**  Bed Type?: Floor with Telemetry [6]
Patient Class: Inpatient [1]

### All Notes

**ED Notes by Hinrichs, Tanya A, RN at 10/7/2014  5:55 PM**

Author: Hinrichs, Tanya A, RN    Service: (none)    Author Type: Registered Nurse
Filed: 10/7/2014 6:38 PM    Note Time: 10/7/2014 5:55 PM    Status: Signed
Editor: Hinrichs, Tanya A, RN (Registered Nurse)

Nurse, security, and MD performed pause for cause and four point leather restraint patient for patients safety. Patient was found unresponsive and intoxicated. ER MD at bedside. RN and security, pause for the cause, all possible dangerous objects removed for patient and staff safety.

Signed by Hinrichs, Tanya A, RN, at 10/7/2014 6:38 PM

**ED Notes by Ostling, Sandra L, RN at 10/7/2014  6:18 PM**

Author: Ostling, Sandra L, RN    Service: (none)    Author Type: Registered Nurse
Filed: 10/7/2014 6:31 PM    Note Time: 10/7/2014 6:18 PM    Status: Signed
Editor: Ostling, Sandra L, RN (Registered Nurse)

Pt was running from police, ran 2 blocks. Hit in head by butt of gun, fell forward and became unresponsive. Sustained laceration  To right frontal area, approx 2 cm, bleeding controlled. Pupils pinpoint, per EMS pt took an oral airway and nasal trumpet. Given 1 mg Narcan, and became responsive. Arrives in ED awake, handcuffed.

Printed on 12/4/2015 10:59 AM

EXHIBIT B



**HCMC HOSPITAL**
Hennepin County Medical Center
Health Information Dept./ R O I
701 Park Ave. R L H I M
Minneapolis MN 55415

ROBINSON,MICHAEL ROBERT
MRN: 0728140
DOB: 12/31/1969, Sex: M
Acct #: 2711834656
Adm: 10/7/2014   Dsch: 10/8/2014

---

**All Notes (continued)**

---

**ED Notes by Ostling, Sandra L, RN at 10/7/2014 6:18 PM** (continued)

Pt w

signed by Ostling, Sandra L, RN at 10/7/2014 6:31 PM

---

**ED Notes by Xie, Shirlee Xiaoping, MD at 10/7/2014 6:27 PM**

| Author: Xie, Shirlee Xiaoping, MD | Service: (none) | Author Type: Physician |
| Filed: 10/7/2014 6:41 PM | Note Time: 10/7/2014 6:27 PM | Status: Signed |
| Editor: Xie, Shirlee Xiaoping, MD (Physician) | | |

### MOD Note

Sign out received from Kevin in stab room
Requested unit: CARE
Patient status: inpatient
Cardiac telemetry needed? yes

Xie, Shirlee Xiaoping, MD, 10/7/2014 6:41 PM

no PMHx. 45 min ago, police searched home with warrant; pt fled. Struck by butt of gun to forehead - has lac.
Feel and was initially unresponsive. Awake with 2mg narcan. Getting HCT now. ++++ anion gap - lactate
pending

signed by Xie, Shirlee Xiaoping, MD at 10/7/2014 6:41 PM

---

**ED Notes by Baldoni, Emilia C, RN at 10/7/2014 6:28 PM**

| Author: Baldoni, Emilia C, RN | Service: (none) | Author Type: Registered Nurse |
| Filed: 10/7/2014 6:32 PM | Note Time: 10/7/2014 6:28 PM | Status: Signed |
| Editor: Baldoni, Emilia C, RN (Registered Nurse) | | |

Pt arrested near his home, family present and aware of pt transport to ED. Brother Tommy called and
updated on stable condition.

signed by Baldoni, Emilia C, RN at 10/7/2014 6:32 PM

---

**Progress Notes by Seiffert, Stephen C, MDIV at 10/7/2014 6:46 PM**

| Author: Seiffert, Stephen C, MDIV | Service: (none) | Author Type: Chaplain |
| Filed: 10/7/2014 6:49 PM | Note Time: 10/7/2014 6:46 PM | Status: Signed |
| Editor: Seiffert, Stephen C, MDIV (Chaplain) | | |

### Chaplain Stabilization Room Note

**Initial Description:** Michael Robert Robinson brought in (under arrest) after sustaining head injury while
fleeing police; significant AMS on arrival

**Family Contacts:** no family present here; per charge RN a brother called - probably not coming in anytime
soon

**Religious/Spiritual/Cultural Identity:** African-American; otherwise unable to determine

**Care Provided:** coordinating pt and family information with charge nurse

---

EXHIBIT-e-



| | |
|---|---|
| **Hennepin County Medical Center** | HCMC HOSPITAL<br>Hennepin County Medical Center<br>Health Information Dept./ R O I<br>701 Park Ave. R L H I M<br>Minneapolis MN 55415 | ROBINSON,MICHAEL ROBERT<br>MRN: 0728140<br>DOB: 12/31/1969, Sex: M<br>Acct #: 2711834656<br>Adm: 10/7/2014  Dsch: 10/8/2014 |

**All Notes (continued)**

ED Notes by Brunette, Douglas D. MD at 10/9/2014 10:22 AM (continued)

# FACULTY SUMMARY OF CURRENT ED ENCOUNTER:

- e -

**History:**  Michael Robert Robinson is a 44 y.o. male who presents to the stabilization room for evaluation of an altered mental status after an altercation with police. There was a struggle at the scene and the patient was hit in the forehead and scalp with the butt of a gun which caused a loss of consciousness. At the time of presentation he is unable to provide any history.

## Physical Examination:

### General Appearance:
This patient is well developed and well nourished, in no painful distress, moderately ill appearing, no dehydration

### Specific Examination:

Neurologic Exam: Markedly decreased level of consciousness with minimal response to painful stimuli

HEENT Exam: Laceration to forehead/scalp

Pulmonary Exam: no respiratory distress, normal respiratory effort , clear to auscultation

Cardiac Exam: S1, S2 normal, no murmur, click, rub or gallop, Tachycardic rate and rhythm

Abdominal Exam: abdomen is soft without significant tenderness, masses, organomegaly, peritoneal signs or guarding, no distension

Musculoskeletal Exam: No abnormalities noted

Skin Exam: Warm and dry

## Differential Diagnosis:
This patient presented with an altered mental status from an unclear etiology. The patient's history and physical examination at the time of presentation was unreliable. Possible etiologies at the time of presentation for this patient's altered mental status included but were not limited to metabolic, endocrine, central nervous system, toxicologic, psychiatric, infectious, and traumatic etiologies.

## Assessment & Plan:
The etiology for his decreased level of consciousness prior history would appear to be caused by blunt head trauma. However, prior to a potential intubation, Narcan was given which resulted in an abrupt increase in level of consciousness. Thus the potential for opioid abuse for a decreased in level of consciousness was also a possibility. The patients laceration was repaired. Head CT demonstrated

STATE OF MINNESOTA                         DISTRICT COURT

COUNTY OF HENNIPEN                         FOURTH JUDICIAL DISTRICT

---

MICHAEL ROBERT ROBINSON,        Court File No._____
                    Plaintiff/Petitioner

vs.                                         **AFFIDAVIT**
POLICE CHIEF
MEDARIA  ARRADONDO
MINNEAPOLIS POLICE DEPART, 3rd
PRECINT. et.al.
_____,
                    Defendant/Respondent

---

STATE OF MINNESOTA)
                  ) SS
COUNTY OF RICE    )

_____, being duly sworn, states the following:

I, Michael Robert Robinson., being first duly sworn and under penalty of perjury, here states the

following;

1. That the party against whom judgment is now sought has been served by plaintiff with

affidavits of service for each count proffered to the court in this action;

2. That plaintiff is entitled to default judgment, or in the alternative, a hearing on such

application upon this affidavit or until proven otherwise by plaintiff on a point –by-point basis;

3. That defendant has provided sufficient information for this court to ascertain the amount owed

to the plaintiff and order judgment accordingly on my behalf;

4.That the party against whom affirmative relief is sought in this matter has failed to report or

otherwise defend within the 90 days allotted after the event,

Robinson

RECEIVED

FEB   8 2018

Mpls. City Attys. Office

5. That plaintiff has failed to state a claim upon which relief can be granted because of, complaint or process of service upon defendant;

## COMPLAINT (A)

a).That Minneapolis 3rd precinct police Dept. And supervisor sgt Anderson, five other officers in plain clothes and in unmark cars had the plaintiff under surveillance in a narcotic investigation immediately hours before incident occurred following him through the apartment complex bossen terrace townhomes and sander drive neighborhood. ( SEE POLICE REPORT CCN:MP-14-154378 VIEW SUPPLEMENTS (1)thru(7) ).

b).That plaintiff on 5-10-14 at 6:30 pm walks into the Crosstown Food-N-gas Market at 5736 34th Ave.South in front of the Laundromat. Then saw a white female standing in front of the store that began to approach me from a distance she never identified herself as police officer at that time, or voiced any type of command to me she never displayed a badge as well upon her approach I turn around opposite direction because I had forgotten something at girlfriend, and she yelled "he putting dope in his mouth "At this point I began to run because I had an active warrant I ran through the yard on side of store at 5734 34th Ave. South upon exiting the yard out the front gate ,officers tackle me from behind and instantly began choking me and banging my head on the concrete saying spit out the dope I said I have no dope they continued beat on me back ,head and face was bloody I tried to place my arms front of my face to stop my face from being banged into the concrete I began to yell for my girlfriend because the incident happen directly in front of her home at 5733 34th ave south my girlfriend, and daughter then came out

Robinson

by scene then I went unconscious and immediately search by officer's they recovered $1,654.00

two weeks later in hospital I awake on 5-23-14 I ask the medical provider was I in the police

custody because I have an active felony warrant medical provider stated no  I then was advise by

the medical provider I was brought in for heart failure, respiratory failure and  I will not be

discharged to go home until I speak to the doctor  on 5-25-14   the day of discharged I seen and

talked to the doctor the doctor ask me what happen because I'm very lucky to be alive I was in a

critical ill grave condition I told  the doctor the police did this to me because they alleged I put

dope in my mouth and they bang my head to concrete and had choked, beat on me and I was

yelling for someone to come out and witness because I was in front of  girlfriend home at 5733

34th ave so laying on the sidewalk in front of 5734 34th ave so. That is when her, and daughter

came out her home I tried to cover my face, and head with my arms that's all I remember

because I went unconscious doctor said you're very lucky you made it because anymore force

use or a delay in arrival you wouldn't had serviced.the incident. doctor then gave me a hand

written police judicial receipt dated 5-23-14 for loitering, fleeing and obstruct of justice ,1,654

that was recovered off my person sign by sgt. Anderson was not reported in police report (SEE

POLICE REPORT CCN –MP-14-154378 SUPPLEMENT NUMBER (6) PARAGRAPH

5,AND6.)ALSO SEE (COMPLAINT (A).MY PUBLIC DEFENDER MATTHEW M. JAIMET

LEFT SGT.B.ANDERSON VOICEMAILS TO RECOVER THE MONEY NO RESPONSE.

c).That sgt Anderson, and officer Mctaggart did a body search on plaintiff, and retrace the route

plaintiff ran the search on him and in the area nothing was found ,but recovered $1,654 off

plaintiff sgt. Anderson inform officer Mctaggart to ride in ambulance with patient to HCMC

(SEE POLICE REPORT CCN:MP-14-154378 SEE SUPPLEMENT NUMBER6 PARAGRAPH

4).

Robinson

d).That officer Mctaggart reported to HCMC medical provider patient was being chased by police, climbed 4 foot fence and was standing on fence then fell face first into concrete and had not lost consciousness at scene, but medics reported patient became less responsive en route to HCMC( had to be resuscitated upon arrival).(SEE EXHIBIT (1)ALSO SEE COMPLAINT (A) FIRST PARAGRAPH AT LINES 8,9,AND 10).

e).That officer Mctaggart reported to HCMC medical provider patient was drinking and doing other drugs and may have swallowed some bags of crack cocaine.( SEE POLICE REPORT PLAINTIFF WAS UNDER SURVEILLANCE PRIOR TO INCIDENT CCN:MP-14-154378 VIEW SUPPLEMENTS(1) THRU(7) ,(SEE COMPLAINT(A) FIRST PARAGRAPH AT LINE 8,9).ALSO SEE EXHIBIT (1).

f).That officer Mctaggart report to HCMC medical provider patient with prolonged mental status changes with agitation and fluctuating mental status .presented when chased by police(WAS OKAY SHORTLY BEFORE THAT).(SEE EXHIBIT (2).

g).That officer Mctaggart reported to HCMC medical provider patient context was heavy chronic alcohol use (BUT WAS NOT INTOCICATED WHEN EVENT STARTED).(SEE EXHIBIT (2).

h).That sgt.B.Anderson the supervisor, other officers at the scene was trying to identify the patient, and they'd discovered a report from the girlfriend address and a name and then ran it and found a photo of the patient came up with a felony warrant and several misdemeanor warrants sgt.B.Anderson then contacted officer Mctaggart at HCMC to inform officer Mctaggart about the felony warrants and several misdemeanor warrants.(SEE POLICE REPORT CCN:MP-14-154378 SUPPLEMENT NUMBER (6) PARAGRAPH (5)).in this same direct conversation with officer Mctaggart ,Mctaggart stated to sgt Anderson that the doctors at HCMC said patient was fine they had to put stitches in but had to admit to the hospital because they believed that he had

Robinson

ingested drugs and he had to be observe for a certain period of time and would not get release until tomorrow sometime.(SEE POLICE REPORT CCN:MP-14-154378 SUPPLEMENT NUMBER (6)PARAGRAPH (6),(EXHIBIT(3),(4)(6).

i).That HCMC medical provider inform officer Mctaggart patient remains a no info, but officer Mctaggart did speak with someone who id'd herself as his ex-wife. She wouldn't give her name, but her number is (763-412-2137) patient brother was also here in triage area and sent home by PD. He is calling for patient and his number is (612-232-9339). He was very angry about not being given any info on patient and would not give name.(SEE EXHIBIT(3), (4),(5) ALSO SEE POLICE REPORT CCN:MP-14-154378SUPPLEMENT NUMBER(6).

j).That the supervisor sgt. B.Anderson,and the five other officers at the scene fail to make a detailed police report, and incident report describing the deadly force they used on plaintiff to recover drugs they assume he put in mouth by banging head to concrete, choking.(SEE POLICE REPORT CCN-MP-14-154378 SUPPLEMENT NUMBERS (1) THRU(7).

k).That police officers at the scene made false report that plaintiff continue to struggle with officers and would not give up his hands and was digging in front of his pants(SEE POLICE REPORT CCN-MP-14-154378 SUPPLEMENTS (1)THRU(7). ALSO SEE COMPLAINT (A) FIRST PARAGRAPH AT LINES 11, 12, AND 13).

l)THAT plaintiff was pinned down by all officers  from feet to shoulder length I could not move body from chest down only shoulder length   upward by face.

m).That police officer Jill Loonsfoot,and officer Mctaggart made false report (CCN-MP-14-154378 SUPPLEMENT NUMBER(2),PARAGRAPH(4) AT LINE (2) ALSO SEE COMPLAINT(A) FIRST PARAGRAPH VIEW LINES 1,2,3,AND 4).

Robinson

n) That plaintiff DR.Eklunds noted on 5-19-14 patient still very altered after 9 days, very long for ethol withdrawal (patient is critically ill).

o).That DR.Eklunds noted. On 5-22-14 patient thought to likely swallowing bags of crack cocaine and ethan withdrawal. (UNCLEAR WHY IT IS TAKING SO LONG TO CLEAR AND IS SOMEWHAT WORRISOME.POSSIBLE DT'S ALTHOUGH WOULD BE UNUSUAL TO BE THIS FAR OUT).

## COMPLAINT (B)

a) That plaintiff was found by police unresponsive and intoxicated laying on sidewalk (had to be resuscitated).(SEE  EXHIBIT (A).

b) That plaintiff was running from police, ran two blocks. Hit in head by butt of gun, fell forward and became unresponsive. Sustain laceration to right frontal area. Given 1 mg narcan still unresponsive. (SEE EXHIBIT (A).

c) That 45 min ago, police search home with warrant plaintiff fled struck by butt of gun to forehead has laceration fell and was initially unresponsive. (SEE COMPLAINT (B) FIRST PARAGRAPH AT LINES 1, 2,AND 3 ALSO SEE EXHIBIT (B).

Robinson

d) That plaintiff is a 44 y.o. male presents to the stabilization room for unresponsiveness 45 min pta, police arrived at plaintiff home with a warrant to search for narcotics plaintiff fled the scene , and police gave chase . Plaintiff reached into his pants as if to pull out a gun, and a police hit him over the forehead with the butt of a gun. Plaintiff fell forward and became unresponsive .EMS arrived and place an oral airway and nasal trumpet. Plaintiff remains unresponsive after 1 mg of narcan. (SEE COMPLAINT (B) FIRST PARAGRAPH).

e) That plaintiff who presents to the stabilization room for evaluation of an altered mental status after an altercation with the police  there was a struggle at the scene and the plaintiff was hit in the forehead and scalp with the butt of a gun which caused a loss of consciousness.(SEE COMPLAINT (B) FIRST PARAGRAPH).

f) That plaintiff at no point i tried to reach for my waist line or to go under my shirt. I feared for my life so I covered my face and head with my arms because I was getting very weak vision became blurry and had a prior incident with 3rd precinct officers that left me in a grave condition and a TBI,and a fragile brain I had nothing on me to hide I was search and nothing found on me or in the area (SEE COMPLAINT (A) ALSO SEE EXHIBIT(C).

g) That plaintiff made request to the 3rd precinct to get copies of the search warrant they decline and I have made several request for police and incident reports I was sent a incomplete and inaccurate copies.(SEE EXHIBIT (D).

COMPLAINT(C)

Robinson

a.)That officer Jamie Karshbaum on 10-8-14 3rd precinct community response team (CRT) began

a detail investigation to locate AP1/ROBINSON who has active felony warrants

AP1/ROBINSON is well –known to officers due to two narcotics investigation. Yesterday

officers executed a warrant at 5733 34th ave so. On AP/ROBINSON'S residence. During this

warrant AP/ROBINSON fled and fought with police AP/ROBINSON was hospitalized after the

incident and officers were unable to book him into HCJ on either the current narcotics case or his

active warrants. Officers know AP/ROBINSON to be combative and violent from previous

encounters.(SEE POLICE REPORT CCN-MP-14-357873 SUPPLLEMENT NUMBER(1)

FIRST PARAGRAPH).(plaintiff have not been charged with no violent crime against no officers

from any of these three incidents or any other crime related to any of these incidents).

b.)That officer Christopher Reiter reported he was advised by another officer that they thought

that he saw someone moving in the lower level laundry room the laundry room is the door on the

lower floor on the NW corner of the building I open the laundry room door I saw that one of the

machines was slightly pulled away from the wall I look behind the machine and saw plaintiff

looking up at me plaintiff was hiding behind the machine. I yelled at plaintiff POLICE, YOUR

UNDER ARREST, to put his hands up, and ordered him out from behind the laundry machine at

gun point plaintiff (PUT HIS HANDS UP AND SLOWLY BEGAN COMING OUT FROM

BEHIND THE LAUNDRY MACHINE). The whole time I was yelling at plaintiff to get on the

ground and keep his hands up (THE LAUNDRY ROOM DOOR WAS CLOSED,AND THERE

WERE NO OTHER OFFICERS IN THE LAUNDRY ROOM WITH ME AT THE TIME,AND

I KNEW THAT PLAINTIFF HAS FOUGHT WITH POLICE IN THE RECENT PAST).

Plaintiff was not going to the ground .a pulled out my CED,turn it on, and pointed it at plaintiff I

yelled at plaintiff at least three times that I was going to tased him if he did not go to the ground

Robinson

plaintiff quickly dropped his right hand and put it in his waistband. Fearing that plaintiff was going for a weapon, I deployed my CED at plaintiff and administered one cycle from my CED. Both probes struck plaintiff in the middle of his torso on the front plaintiff right hand came out of his waistband of his pants, and he fell to the ground on his back .(OTHER OFFICERS BEGAN ENTERING THE LAUNDRY ROOM I YELLED AT PLAINTIFF REPEATEDLY TO LAY ON HIS STOMACH PLAINTIFF WAS ASSISTED TO THE PRONE POSITION. OFFICER CASTLE BEGAN TO SECURE PLAINTIFF IN HANDCUFFS PLAINTIFF BEGAN TO PULL AWAY FROM OFFICER CASTLE PLAINTIFF NOW HAD HIS LEFT HANDS TUCKED UNDER HIM ,TOWARDS HIS WASITBAND PLAINTIFF WAS IGNORING NUMBEROUS COMMANDS TO PUT BOTH OF HIS HANDS BEHIND HIS BACK I KICK AT PLAINTIFF THREE TIMES ON THE RIGHT SIDE OF HIS TORSO PLAINTIFF PUT HIS LEFT ARM BEHIND HIS BACK PLAINTIFF WAS SECURED IN HANDCUFFS, ASSISTED TO HIS FEET, SEARCHED, AND ESCORTED OUT OF THE BUILDING PLAINTIFF HAD A SMALL CUT ON HIS FOREHEAD THAT WAS LEAKING A SMALL AMOUNT OF BLOOD PLAINTIFF TOLD ME THAT THE INJURY WAS FROM HIS INCIDENT WITH POLICE ONE DAY PRIOR TO THIS EVENT I REQUESTED EMS AS A PRECAUTION(BLOOD ON MY FACE CAME FROM OFFICERS KICKING ME IN FACE,AND IN THE HEAD WHILE I WAS LAYING ON THE FLOOR NEVER TOLD OFFICER THIS HAPPEN ADAY BEFORE)( Lt. May was advise of my use of force).(SEE POLICE REPORT CCN-MP-14-357873 SUPPLEMENT NUMBER(3).ALSO SEE JILL LOONSFOOT POLICE REPORT SUPPLEMENT NUMBER(4)PARAGRAPH(5)REPORTED THAT SHE RAN IN THE LAUNDRY ROOM PLAINTIFF WAS STILL BEHIND WASHER AND HAD BEGAN COMING OUT FROM BEHIND MACHINE,AND OFFICER CASTLE

Robinson

WAS ALREADY THERE BEFORE ENTERING LAUNDRY ROOM).OFFICER REITER

FAILED TO REPORT THE DEADLY FORCE HE USED KICKING PLAINTIFF IN

FACE,AND HEAD).AND SEE EXHIBIT(C-1).

c.)That officer Bryan Castle while doing surveillance, I was informed that information had been

received that plaintiff was thought to be in apartment c inside the 5712 34th ave s. address I move

from my location, and I stood outside the front of the building, covering the apartment's

windows, as uniformed officers entered the building. After officers aired that they were coded

four, I walked to the front steps of the building and stood at the door, holding the door open

while I was standing at the front door I heard officers giving loud verbal commands to an

unknown person from the lower floor of the building I then entered the building, ran down the

stairs, and I entered the building laundry room where I could hear the loud voices from I also

heard the sound of a Taser being deployed as I entered the laundry room plaintiff was falling to

the floor when Taser cycle ended I used my body weight to pin plaintiff to the floor and I pulled

plaintiff right arm behind his back so I could handcuff him when tried to handcuff plaintiff left

arm, plaintiff would not put his hand behind his back I told plaintiff several times to get his hand

behind his back, but plaintiff refused to comply in addition, plaintiff left hand was tucked under

his body near his waist and his elbow and upper arm was visible while I was holding my

handcuffs I grabbed plaintiff right arm pulled his arm away from his body so I could see his hand

I then pulled his left hand behind his back and I completed handcuffing plaintiff.(SEE POLICE

REPORT CCN-MP-14-357873 SUPPLEMENT NUMBER(2) ALSO SEE OFFICER JILL

LOONSFOOT POLICE REPORT SUPPLEMENT NUMBER(4) PARAGRAPH(5) I LOOK

AROUND AND STARTED TO WALK OUT OF THE BUILDING WHEN I HEARD

Robinson

OFFICER REITER YELL). .officer. Bryan Castle did not make a detail report about the excessive,and deadly force he used during the incident.

d.)That officer  Jill Loonsfoot reported members of CRT,LT MAY, and four uniformed officers went to 5712 34th ave. so I was watching the rear and north windows when officers were attempting to get inside the apartment, officer Karshbaum informed me a male just look out of a small window at her then quickly pulled away .officer Karshbaum said it look like plaintiff a male, later id as AP2,let officers look in his apartment, I checked with officer Karshbaum and look out the window.AP2 said he did not know where plaintiff was and has not seen him, and he lived at that apartment, number across the hallway from AP2 is a small laundry room with a couple of washing machines and dryers ,I opened the door and smell some marijuana. I looked around and started walking out of the building, when I heard officer Reiter yell(SHOW ME YOUR HANDS I RAN INTO THE LAUNDRY ROOM AND PLAINTIFF WAS BEHIND A DRYER AT THAT TIME OFFICER REITER DEPLOYED HIS TASER AT PLAINTIFF PLAINTIFF FELL TO THE GROUND WHERE OFFICER CASTLE WAS RESTRAINING THE UPPER BODY AND ONE HANDCUFFED WAS APPLIED PLAINTIFF WAS HIDING HIS OTHER HAND UNDERNEATH HIS BODY AREA OFFICER REITER WAS KICKING AT HIS ARM AREA AND OFFICERS WERE TRYING TO PULL HIS ARM OUT FROM UNDERNEATH HIM AFTER A STRUGGLE,THE OFFICERS WERE FINALLY ABLE TO HANDCUFFED THE SUSPECT.PLAINTIFF WAS ESCORTED TO A MARKED SQUAD CAR WHERE HE RECEIVED MEDICAL TREATMENT FROM HCMC AND RELEASEED PHOTOGRAPHS WERE TAKEN OF PLAINTIFFAND THE CAMERA CHIP WAS PROPERTY INVENTORIED PLAINTIFF WAS BOOKED AT HCJ ON TWO FELONY WARRANTS.( CHARGES WILL BE COMPLETED ON A NARCOTIC SEARCH

Robinson

WARRANT EXECUTED ON 10-7-14 CCN-14-356401).SEE POLICE REPORT CCN-MP-14357873 SUPPLEMENT NUMBER(4).

e.)That plaintiff at no point time I ever tried to go under my shirt or go in my waistline area or attempted to act like I had a weapon my arms was raised in the air when I got tased while I was laying on the floor my arms were out beside me visible I obeyed every command given to me even after I got tased only immediate concern was my life when I began to be hit in the face and head by the officers kicking me multiple times I feared for life so the only thing I could do to prevent from being hit anymore is to cover up with my loose arm because I have gotten very weak ,dizzy and could not see clearly I have  a fragile brain, and a tbi from previous incident involving the 3rd precinct officers (SEE EXHIBIT (C).( I have not been charged with any crime regarding these three different incidents in complaint a,b or,c when I was booked in hcj  for my outstanding felony warrant that they fell to arrest me for on 5-10-14 while at HCMC the  warrant is from 8-27-12 for first degree sale that is the one and only felony I been charged for.(SEE COURT CASE FILE (A15-0102)ALSO SEE(17-0107) PUBLIC DEFENDER MATTHEW M. JAIMET).

f.)Lt.Daniel May was at 5712 34th ave S. in charged of the officers at the scene and did not make a police report or incident report detailing the incident.(SEE POLICE REPORT CCN-MP-14-357873 SUPPLEMENTNUMBER (1) THRU(9).

g.)That plaintiff was escorted to officer. Bryan Castle squad car where the officer hand removed each of the taser probes from the plaintiff chest area after  he toke pictures.

COMPLAINT (A) DEFENDANTS

SGT. BRIAN ANDERSON

Robinson

OFFICER. MATTHEW HEGER

OFFICER.TRACY GROSS

OFFICER. SEAN MCTAGGART

OFFICER. JILL LOONSFOOT

COMPLAINTIFF (B) DEFENDANTS

OFFICER.WALTER ALVARADO

OFFICER.BRYAN CASTLE

OFFICER.OMAR FOULKES

OFFICER.JEFFREY JINDRA

OFFICER.JAMIE KARSHBUAM

OFFICER.STEVEN LECY

COMPLAINT(C) DEFENDANTS

OFFICER.BRYAN CASTLE

OFFICER. JAMIE KARSHBUAM

LT. DANIEL MAY

OFFICER.JILL LOONSFOOT

OFFICER. CHRISTOPHER REITER

Robinson

PLAINTIFF WITNESSES

EARL MOSELY

JOESPH ROBINSON

JAMES ROBINSON

ALLEN (LAST NAME UNKNOWN)

LATASHA WILLIAMS

RASHEEA WILLAIMS

SHONIA JACKSON

MIKITA JACKSON

Robinson

Should accept this notice of motion and amended motion for default judgment, proposed order affidavit in support thereof, exhibits and memorandum of law ; with affidavits of service delivered upon each opposing party by mail in accordance with rule 115.03 of the Minnesota Rules of General Practice to initiate the 28 days clock prior to any hearing granted by the court; That pertaining plaintiffs complaint, plaintiff has also provide the court according to Rule 115.04 of the Minnesota Rules of General Practice—with summons and affidavit in support thereof, exhibits and memorandum of law; with affidavits of service delivered upon each opposing part by U.S.MAIL pursuant to the courts communications to defendant. I have read the foregoing statements and declare the contents to be true and correct to the best of my knowledge by my signature under penalty of perjury-Minn. Stat.609.48 Further Affiant sayeth naught.

Dated: _/-/8-/8_

Sworn and subscribed before me this

_/8th_ day of _____, 2018

Notary

CORINE MARIE NEUMANN
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan 31, 2021

Hennepin County Administrator District Court.

Signature _Micheal R Robinson_

Name: _Micheal R Robinson_

_MCF-Faribault_

Address: _1101 linden lane_

City/State: _Faribault, MN 55021_

Robinson

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|

COUNTY OF HENNIPEN

FOURTH JUDICIAL DISTRICT

Court File Number: _____

Case Type: Civil _____

MICHAEL ROBERT ROBINSON,

               Plaintiff / Petitioner

vs.

**SUBPOENA IN CIVIL CASE**
(COMMAND TO APPEAR)
Minn. R. Civ. Pro. 45

POLICE CHIEF
MEDARIA ARRADONDO,
MINNEAPOLIS POLICE DEPART, 3RD
PRECINCT, et.al.

           Defendant / Respondent

TO: <u>POLICE CHIEF: MEDARIA ARRADONDO, MINNEAPOLIS POLICE DEPARTMENT 350 SOUTH 5TH STREET ROOM 130 MINNEAPOLIS MN, 55415</u>

      Name                                   Address

☐ You are commanded to appear as a witness in the district court to give testimony at the place, date, and time specified below.

| Place of Testimony | Courtroom |
|---|---|
| HENNIPEN COUNTY COURT | Date and Time |

☐ You are commanded to appear the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time |
|---|---|
| HENNIPEN COUNTY COURT | |

☐ You are commanded to produce and permit inspection and copying of the listed documents or objects at the place, date, and time specified below (attach list of documents or objects if necessary):

| Place | Date and Time |
|---|---|
| HENNIPEN COUNTY COURT | |

☐ You are commanded to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
| HENNIPEN COUNTY COURT | |

Person requesting subpoena: <u>MICHAEL ROBERT ROBINSON</u> Telephone No: _____

**WARNING: FAILURE TO OBEY A SUBPOENA WITHOUT BEING EXCUSED IS A CONTEMPT OF COURT.**

| _____ by: | |
|---|---|
| Signature of Court Administrator / Plaintiff's Attorney / Defendant's Attorney (Circle) | Date |
| | |
| Name, Address, & Phone Number (if issued by Attorney as an Office of the Court | SEAL (if issued by Court Administration |

RECEIVED

FEB   8 2018

Mpls. City Attys. Office

**IMPORTANT: Both pages of this document must be served on the person receiving the summons.**

## RETURN OF SERVICE

State of Minnesota

County of  HENNIPEN

I hereby certify and return that on POLICE CHIEF: MEDARIA ARRADONDO I served a copy of this subpoena upon the person named thereon.  Service was made by: MAIL

☐ personally handing to and leaving with him or her a true and correct copy; or

☐ leaving a true and correct copy at his or her usual place of residence

MINNEAPOLIS POLICE DEPARTMENT 350 SOUTH 5TH STREET ROOM-130-MINNEAPOLIS,MN 55415
                                        Address

with _____, a person of suitable age and discretion.
                    Name of Person

| NOTARY STAMP, SIGNATURE AND DATE | |
| --- | --- |
| Subscribed and Sworn/Affirmed to before me on | Date 1-31-18 |
| _Jan 31_ , 20 18 | By _Micheal Robert Robinson_ |
| _Corine Marie Neumann_ | Title _plaintiff_ |
| CORINE MARIE NEUMANN NOTARY PUBLIC MINNESOTA My Commission Expires Jan 31, 2021 | |

NOTE: If served by someone other than a Law Enforcement Officer, signature must be notarized.

Rule 45, Minnesota Rules of Civil Procedure provides that:
- A subpoena may be served by any person who is not a party and is not less than 18 years of age.
- Service of a subpoena shall be made by delivering a copy to the person named in the subpoena or by leaving a copy at the person's usual place of abode with some person of suitable age and discretion who resides there.
- A witness who is not a party to the action or an employee of a party (except a person appointed pursuant to Rule 30.02(f)) and who is required to give testimony or produce documents relating to a profession, business, or trade, or relating to knowledge, information, or facts obtained as a result of activities in such profession, business, or trade, is entitled to reasonable compensation for the time and expense involved in preparing for and giving such testimony or producing such documents is entitled to have the amount of those expenses determined to complying with the subpoena.
- A person is not obligated to attend as a witness in a civil case unless one day's attendance and travel fees are paid or tendered in advance (see fees below), unless the subpoena is issued on behalf of the state of Minnesota, or the state's officer or agent.

Fees to be paid to witnesses shall be as follows (Minn. Stat. § 357.22):
- For attending in any action or proceeding in any court of record or before any officer, person, or board authorized to take the examination of witnesses, $20 for each day.
- For roundtrip travel estimated from the witness's residence at 28 cents per mile.  If a witness lives outside the state, travel costs shall be estimated from the boundary line of the state where the witness crossed in Minnesota at 28 cents per mile. (Additional fees may be available for out of state witnesses).

City Ex. 1, Page 53 of 60

In any proceeding where a parent or guardian attends the proceeding with a minor witness and the parent or guardian is not a witness, one parent or guardian shall be compensated in those cases where witness compensation is mandatory under Minn. Stat. § 357.22, and may be compensated when compensation is discretionary under those sections.  No more than a combined total of $60 may be awarded to the parent or guardian and minor witness. Minn. Stat. § 357.242.

STATE OF MINNESOTA

COUNTY OF HENNIPEN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

MICHAEL ROBERT ROBINSON,
                    Plaintiff/Petitioner,

vs.

POLICE CHIEF
MEDARIA ARRADONDO
MINNEAPOLIS POLICE DEPT., 3RD
PRECINCT. et.al.,

                    Defendant/Respondent.

Court File No._____

**CERTIFICATE OF
SERVICE BY MAIL**

---

**TO:   Court Administrator**

I, MICHAEL ROBERT ROBINSON, the POLICE CHIEF MEDARIA ARRADONDO,

MINNEAPOLIS POLICE DEPART, 3RD PRECINCT et.al.   Pursuant to Minn. Stat. §

358.116 hereby certify under penalty of perjury that I have served a true and correct copy

of the following document(s):  (list names of the documents)

SUMMONS

COMPLAINT (A), (B) AND (C).

EXHIBITS.

AFFIDAVIT IN SUPPORT OF COMPLAINT FOR (A),(B),AND(C).

SUBPOENA (COMMAND TO APPEAR)

CERTIFICATE OF SERVICE

AFFIDAVIT FOR SERVICE.

On the following individual(s) :     (list name(s) and address(es))

Robinson

RECEIVED

FEB   8 2018

Mpls. City Attys. Office

TO: LORI SWANSON                    POLICE CHIEF
STATE ATTORNEY GENERAL             MEDARIA ARRADONDO
1800 BREMER TOWER                  MINNEAPOLIS POLICE DEPT.,
445 MINNESTOA TOWER                3RD PRECINCT 350 S. FIFTH ST.
ST.PAUL, MN 55101                  ROOM 130
                                   MINNEAPOLIS, MN 55415

By placing said document(s) in postage paid envelope and depositing said envelope with
enclosed documents in the prison mail system to be mailed out via the United States
Postal Service on the ___1___ day of __FeB___ , 201_8_ .

_Micheal Robert Robinson_
(Signature)

_Micheal Robert Robinson_          _181993_
(Print Name)                       (OID)
MCF – Faribault
1101 Linden Lane
Faribault, MN  55021

Robinson

STATE OF MINNESOTA                    DISTRICT COURT

COUNTY OF HENNIPEN                    FOURTH JUDICIAL DISTRICT

Court File No._____

MICHAEL ROBERT ROBINSON,
                    Plaintiff/Petitioner

**AFFIDAVIT OF SERVICE**

vs.
POLICE CHIEF
MEDARIA ARRADONDO
MINNEAPOLIS POLICE DEPART,
3RD PRECINCT. et.al
_____,
                    Defendant/Respondent

STATE OF MINNESOTA)
                    ) SS
COUNTY OF RICE    )

I MICHAEL ROBERT ROBINSON, being duly sworn, states that I served a copy of the

summons and complaint on POLICE CHIEF:MEDARIA ARRADONDO by mail at

MINNEAPOLIS POLICE DEPARTMENT 350 SOUTH 5TH STREET ROOM(130)

MINNEAPOLIS,MN 55415.ON: 2-1-18

SUMMONS

COMPLAINT (A),(B),AND(C).

AFFIDAVIT IN SUPPORT COMPLAINT

CERTIFICATE OF SERVICE

EXHIBITS

SUPEONA(COMMAND TO APPEAR)

Robinson

RECEIVED

FEB   8 2018

Mpls. City Atty. Office

Dated: _1-31-18_

Micheal Robert Robinson
Signature

Sworn and subscribed before me this

_31st_ day of _Jan_, 201_8_

Name: _Michael Robert Robinson_

_MCF-FRB_

Corine Marie Neumann

Notary

Address: _1101 linden lane_

City/State: _Faribault, MN 55021_

CORINE MARIE NEUMANN
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan 31, 2021

Robinson