## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Robert Robinson, | Case No. 18-cv-491 (JRT/TNL) |
| Plaintiff, | |
| v. | **REPORT &** |
| | **RECOMMENDATION** |
| Medaria Arradondo, | |
| *Police Chief, Minneapolis Police Depart,* | |
| *3rd Precinct et. al.*,[1] | |
| Defendant. | |

Michael Robert Robinson, #181993, MCF – Faribault, 1101 Linden Lane, Faribault, MN 55021 (pro se Plaintiff); and

George Norris Henry and Sara J. Lathrop, Assistant City Attorneys, Minneapolis City Attorney's Office, 350 South Fifth Street, Suite 210, Minneapolis, MN 55415 (for Defendant Medaria Arradondo).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on

Defendant Medaria Arradondo's Motion to Dismiss (ECF No. 3). This motion has been

referred to the undersigned for a report and recommendation to the district court, the

---

[1] Other than Defendant Arradondo, it is not clear to this Court who Plaintiff is attempting to sue. "Police Chief Medaria Arradondo, Minneapolis Police Depart [sic], 3rd Precinct et. [sic] al." is listed as the defendant in the caption of the Complaint. (Compl. at 1, ECF No. 1-1 at 6.) *See infra* n.3. Later in the Complaint, Plaintiff lists himself, the "Chief of the Minneapolis Police Department and arresting officer regarding the incident arrest on 5/10/14 in South Minneapolis, Minnesota"; and the "Chief of Minneapolis [P]olice Department and arresting officers regarding the 10/7/14 incident arrest in South Minneapolis, Minnesota" as "Parties." (Compl., ECF No. 1-1 at 8.) In the two counts of the Complaint, Plaintiff alleges that "Minneapolis police officers" used excessive force when arresting him. (Compl., ECF No. 1-1 at 11-12.) In subsequent filings with the Court, Plaintiff has included 18 additional law enforcement officers in the case caption. (*See* ECF Nos. 14, 17, 20.) There has been no formal motion to amend the Complaint. (*See* ECF Nos. 14-16.) As set forth herein, the Court has recommended that this matter be dismissed without prejudice for insufficient service of process. Should Plaintiff elect to refile this action within the applicable statute of limitations, Plaintiff is encouraged to identify clearly who he is attempting to sue and what each individual defendant—he, she, or it—did or failed to do that allegedly violated his constitutional rights.

Honorable John R. Tunheim, Chief United States District Court Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636.  (ECF No. 8.)  For the reasons stated below, the Court recommends that the motion to dismiss **BE GRANTED** and this matter **BE DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

As best as this Court is able to tell, Plaintiff brings claims for excessive force in violation of his Fourth Amendment rights based on two arrests conducted by the Minneapolis Police Department in 2014.[2]  (Compl., ECF No. 1-1 at 8-12.[3])  Defendant is the Chief of the Minneapolis Police Department.  (Compl., ECF No. 1-1 at 6, 8.)

### A.  Commencement of the Lawsuit

This matter originated in state district court in Hennepin County, Minnesota.[4]  (*See generally* Notice of Removal, ECF No. 1; Compl., ECF No. 1-1 at 6.)  On or about February 1, 2018, Plaintiff attempted to serve Defendant by mail, which is permitted under Minnesota law.  (*See* Certificate of Service, ECF No. 1-1 at 55-57; Affidavit of Service, ECF No. 1-1 at 58-60.)  *See* Minn. R. Civ. P. 4.05.[5]  In this mailing, Plaintiff included, among other documents, copies of a summons directed to Defendant and the

---

[2] While the Complaint describes three arrests (May 10, October 7, and October 8, 2014), Plaintiff's claims appear to be based only on the May 10 and October 7 arrests as evidenced by the two counts, each specific to one of these two arrests.  (Compl., ECF No. 1-1 at 8-12.)  *See infra* n.3.

[3] The Complaint is contained at pages 6 through 13 of ECF No. 1-1.  The Court cites to the pagination generated by its electronic filing system for consistency.

[4] Case No. 27-CV-18-2887.

[5] Minn. R. Civ. P. 4.05 was amended on July 1, 2018.  *See* Minn. R. Civ. P. 4.05. advisory committee comment to 2018 amendments.  The Court has analyzed whether service was proper under the version of Minn. R. Civ. P. 4.05 in effect at the time Plaintiff attempted service.  For reasons discussed below, however, the result would be the same under either version.  *See infra* Section III.A & n.9.

Complaint.[6]  (Certificate of Service, ECF No. 1-1 at 55; Affidavit of Service, ECF No. 1-1 at 58; *see* Notice of Removal ¶ 1.)  Defendant received these documents by mail on February 8.  (Notice of Removal ¶ 1.)

### B.  Proceedings in Federal Court

On February 20, Defendant removed this matter to federal court.  (*See generally* Notice of Removal.)  Defendant subsequently filed the instant motion to dismiss and this Court issued a briefing schedule.  (*See* ECF Nos. 3, 12.)  Plaintiff later filed a motion in which, among other things, he appeared to be seeking additional time to respond to Defendant's motion.  (ECF No. 14.)  The Court granted Plaintiff's motion in part and extended the time for Plaintiff to respond.  (ECF No. 15.)  This matter is now fully briefed and ready for a determination on the papers.

### III. ANALYSIS

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."  *Id.*; *accord Printed Media Serv*s., *Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.").  This is true regardless of

---

[6] Plaintiff also included a summons directed to Lori Swanson, the Attorney General for the State of Minnesota; various exhibits, such as police reports and medical records; an affidavit, which appears to be in support of a motion for default judgment; a document Plaintiff refers to as "Complaint (A), (B) and (C)"; and a subpoena directing Defendant to appear at an unspecified date and time in "Hennepin County Court."  (ECF No. 1-1 at 4-5, 14-34, 35-36 & 50, 37-49, 51-54.)

whether the defendant "had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843); *see Hinz v. Wash. Mut. Home Loans*, No. 03-cv-3203 (DWF/JGL), 2004 WL 729239, at *2 (D. Minn. Apr. 2, 2004) ("Even actual notice by a defendant of a suit does not lift the burden of the service requirement from a plaintiff.").

### A. Insufficient Service of Process

Defendant has moved to dismiss this matter for insufficient service of process under Fed. R. Civ. P. 12(b)(5). "In response to a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5), 'the plaintiff must establish prima facie evidence that there was sufficient . . . service of process.'" *Zelenak v. Larson*, No. 15-cv-3315 (PJS/TNL), 2016 WL 6584926, at *4 (D. Minn. Oct. 6, 2016) (alteration in original) (quoting *3M Co. v. Darlet-Marchante-Tech. SA*, No. 08-cv-827 (JNE/SRN), 2009 WL 1228245, at *3 (D. Minn. May 5, 2009) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras*, 51 F.3d 1383, 1387 (8th Cir. 1995))), *adopting report and recommendation*, 2016 WL 6584910 (D. Minn. Nov. 4, 2016); *accord Hahn v. Bauer*, No. 09-cv-2220 (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010).

Because the service of process at issue here occurred prior to removal, the sufficiency of service is determined by state law. *Barner v. Thompson/Center Arms Co. Inc.*, 796 F.3d 897, 900 (8th Cir. 2015); *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003); *Hubbard v. Citi Mortg., Inc.*, No. 13-cv-2189 (JRT/JSM), 2014 WL 1309112, at *4 (D. Minn. Mar. 31, 2014). As stated above, Minnesota law permits service by mail. Until the recent amendment, Rule 4.05 of the Minnesota Rules of Civil Procedure

provided that "[i]n any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 22[7] and a return envelope, postage prepaid, addressed to the sender."[8] *See Melillo v. Heitland*, 880 N.W.2d 862, 864 (Minn. 2016) ("Rule 4.05 requires: (1) mailing a copy of the summons and complaint; (2) by first-class mail; (3) postage prepaid; (4) to the person to be served; (5) together with two copies of a notice and acknowledgment that conforms substantially to Form 22; (6) providing a return envelope, postage prepaid addressed to the sender; and (7) timely return of the acknowledgment."). "If

---

[7] Form 22 is titled "Notice and Acknowledgement of Service by Mail" and completion by the person served operates as an admission that the person has received the summons and complaint.

[8] Similarly, Rule 4.05 currently provides in relevant part that

> [a]n individual, corporation, or association that is subject to service under Rule 4.03 has a duty to avoid unnecessary expenses of serving the summons. A plaintiff may request that the defendant waive service of a summons. The notice and request must:
>
> (1) be in writing and be addressed:
>
> > (A) to the individual defendant; or
> >
> > (B) for a defendant subject to service under Rule 4.03(b)-(e) to the agent authorized to receive service;
>
> (2) be accompanied by a copy of the complaint, two copies of Form 22B or a substantially similar form, and a prepaid means for returning a signed copy of the form;
>
> (3) inform a defendant, using Form 22B or a substantially similar form, of the consequences of waiving and not waiving service;
>
> (4) state the date when the request is sent;
>
> (5) give a defendant 30 days after the request was sent - or 60 days if sent to a defendant outside the United States - to return the waiver; and
>
> (6) be sent by first-class mail or other reliable means.

Minn. R. Civ. P. 4.05(a). *See supra* n.5.

acknowledgement of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual." Minn. R. Civ. P. 4.05; *see Nieszner v. St. Paul Sch. Dist. No. 625*, 643 N.W.2d 645, 649 (Minn. Ct. App. 2002) ("A litigant must be prepared to serve the intended party personally if the party fails to return the signed acknowledgment of service . . . ." (citing Minn. R. Civ. P. 4.05)). "Service by mail requires strict compliance and is not effective if the acknowledgement is not signed and returned." *Kokosh v. $4657.00 U.S. Currency*, 898 N.W.2d 284, 288 (Minn. Ct. App. 2017).

Defendant argues that Plaintiff's attempted service did not comply with Minn. R. Civ. P. 4.05 "because it did not contain a notice and acknowledgment of service or provide a return envelope, postage prepaid an[d] addressed to the sender." (Def.'s Mem. in Supp. at 3, ECF No. 4.) Plaintiff responds that "Defendant's claim of Plaintiff's 'insufficient service' is not substantive enough to support a dismissal of his claims under Minnesota Rules of Civil Procedure." (Pl.'s Resp. at 3, ECF No. 20.)

Plaintiff does not dispute that the notice and acknowledgement of service as well as the prepaid return envelope were not included in the documents mailed to Defendant. *See Kokosh*, 898 N.W.2d at 288 ("It is uncontested that Kokosh's initial mailing to the county did not include an acknowledgement of service. Therefore, Kokosh's attempted service by mail was ineffective."). But, even assuming Plaintiff mailed all the proper documents to Defendant, it is undisputed that he did not receive any response from Defendant acknowledging or waiving service in this matter. Without such acknowledgement, Plaintiff's attempt to serve Defendant by mail was ineffective. *See*

Minn. R. Civ. P. 4.05; *Melillo*, 880 N.W.2d at 864; *see also, e.g.*, *MW Ag, Inc. v. N.H. Ins. Co.*, 107 F.3d 644, 647 (8th Cir. 1997); *Hubbard*, 2014 WL 1309112, at *4; *Seretse v. Andersen Corp.*, No. 12-cv-323 (SRN/TNL), 2013 WL 2434876, at *5 (D. Minn. June 4, 2013); *McDonald v. Overnite Express*, No. 08-cv-5069 (JNE/JSM), 2010 WL 2733328, at *9 (D. Minn. May 11, 2010), *adopting report and recommendation*, 2010 WL 2733348 (D. Minn. July 9, 2010). And Plaintiff has not shown—or even claimed—that service was ever attempted by an alternative method.

"This Court 'cannot ignore the requirement that a plaintiff effect proper service of process on a defendant.'" *Zelenak*, 2016 WL 6584926, at *4 (quoting *Redding v. Hanlon*, No. 06-cv-4575 (DWF/RLE), 2008 WL 762078, at *7 (D. Minn. Mar. 19, 2008)); *see Hinz*, 2004 WL 729239, at *2 ("[T]he Court is obligated to uphold the rights and protections afforded [to d]efendants when those [d]efendants are brought before this Court."). It is not lost on this Court that, as a pro se litigant, Plaintiff may "not fully appreciate the procedural requirements of bringing a lawsuit." *Hinz*, 2004 WL 729239, at *2. The Court also recognizes that Plaintiff attempted to serve Defendant by mail. Plaintiff's pro se status and good-faith effort, however, do not excuse him from adhering to the requirements of Minn. R. Civ. P. 4.05. *See Melillo*, 880 N.W.2d at 864; *Kokosh*, 898 N.W.2d at 288; *see also Redding*, 2008 WL 762078, at *7 (plaintiff's "status as a pro se litigant, along with his good faith attempt to comply with the Rules, will not excuse him from adhering to the procedural requirements for service of process"). Therefore, the Court concludes that Plaintiff's attempt to serve Defendant by mail prior to removal

was ineffective because he failed to comply with the requirements of Minn. R. Civ. P. 4.05.[9]

### B.  28 U.S.C. § 1448

Plaintiff has failed to effect service of process on Defendant prior to removal. Under 28 U.S.C. § 1448,

> [i]n all cases removed from any State court to any district court of the United States . . . in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

*See, e.g.*, *Palzer v. Cox Okla. Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010); *Williams v. On-Belay of Minn., Inc.*, No. 17-cv-564 (JRT/SER), 2017 WL 4990526, at *3 (D. Minn. Oct. 31, 2017).  Given the intersection between 28 U.S.C. § 1448 and Rules 4(m) and 81(c) of the Federal Rules of Civil Procedure, the Court might be inclined to recommend that Plaintiff be ordered to effect service within a certain period of time in light of his pro se status and good-faith attempt to serve Defendant.  *See Palzer*, 671 F. App'x at 1028; *Wallace*, 596 F.3d at 707; *see also* Fed. R. Civ. P. 4(m) (allowing the court to specify that service be

---

[9] The result would be the same under the current version of Rule 4.05.  Rule 4.05 still requires that two copies of the acknowledgement form and a prepaid means of returning the signed form be included in the mailing.  Minn. R. Civ. P. 4.05(a)(2).  As stated above, these documents were not included in Plaintiff's mailing to Defendant.  Moreover, the advisory committee comment to the 2018 amendments emphasizes that

> [t]his rule does not authorize service by mere mailing—it is necessary for the defendant to waive formal service and return the waiver-of-service form. Service is accomplished and proven by the waiver, not the mailing. . . . The only requirement is that the defendant sign and return a waiver-of-service form.

Minn. R. Civ. P. 4.05. advisory committee comment to 2018 amendments.  There is no dispute that Plaintiff did not receive any response from Defendant acknowledging or waiving service in this matter.

completed within a certain period of time); 81(c)(1) (Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"). The Federal Rules of Civil Procedure themselves state, however, that "[t]hey should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. For the reasons that follow, ordering Plaintiff to effect service within a certain period of time would only further delay resolution of this matter.

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not contain 'detailed factual allegations,' it must contain facts with enough specificity 'to raise a right to relief above the speculative level.'" *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "A claim is facially plausible when it alleges facts that allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Roe v. Nebraska*, 861 F.3d 785, 787 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, [courts] hold a pro se complaint, however inartfully pleaded, to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537,

9

541 (8th Cir. 2014) (quotation omitted). "[T]his standard does not excuse pro se complaints from alleging sufficient facts to support the claims advanced." *Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (per curiam) (quotation omitted); *accord Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). As the Eighth Circuit Court of Appeals has explained, "[w]hen we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone*, 364 F.3d at 915.

Even according Plaintiff's Complaint a liberal construction, it is not clear to this Court what claim(s) Plaintiff is attempting to assert against Defendant. Other than the presumed supervisory role Defendant, as Minneapolis Police Chief, has over the officers who arrested Plaintiff, it is not clear what connection Defendant has to the events in question. "Supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) (quotation omitted); *see Iqbal*, 556 U.S. at 676. "[A] supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quotation and footnote omitted); *accord Jackson*, 747 F.3d at 543. It is not clear from the Complaint what Defendant did or failed to do that allegedly violated Plaintiff's constitutional rights.

Plaintiff has not alleged that Defendant was directly involved in the arrests (and use of force) in question.  Plaintiff has not alleged that Defendant failed to adequately train the arresting officers.  Plaintiff has not pleaded any facts showing that Defendant was on notice of a pattern of unconstitutional conduct committed by his subordinates.  Nor has Plaintiff alleged that Defendant was personally involved in creating, applying, or interpreting a policy that gave rise to the alleged use of excessive force in this case.  *See Jackson*, 747 F.3d at 543; *see also Pitts v. Ramsey Cty.*, No. 17-cv-4261 (MJD/TNL), 2018 WL 3118437, at *9 (D. Minn. May 25, 2018), *adopting report and recommendation*, 2018 WL 3118293 (D. Minn. June 25, 2018).

The Court recognizes that Plaintiff has attached numerous documents to his Complaint that he believes support his claims.  *See supra* n.6.  "But it is not the Court's function to sift through Plaintiff's voluminous papers and essentially craft a complaint— factual allegations and bases for recovery—for h[im]."  *Zelenak*, 2016 WL 6584926, at *6.  "[I]n granting the deference owed to pro se parties, [the Court may not] assume the role of advocate for the pro se litigant."  *Machen v. Iverson*, No. 11-cv-1557 (DWF/JSM), 2012 WL 566977, at *15 (D. Minn. Jan. 23, 2012) (quotation omitted), *report and recommendation adopted*, 2012 WL 567128 (D. Minn. Feb. 21, 2012); *see Bracken v. Dormire*, 247 F.3d 699, 705 (8th Cir. 2001) (Arnold, J., dissenting) ("Of course, a pro se pleading is not a magic hat out of which a court may pull any claim it thinks should have been advanced.").

Accordingly, given the patent inadequacies of the Complaint with respect to Defendant, ordering Plaintiff to effect service of process within a certain period of time

ultimately would not advance this litigation forward. And, in fact, such action would only further delay resolution of this matter. Therefore, the Court recommends that Defendant's motion be granted and this matter be dismissed without prejudice for insufficient service of process.

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 3) **BE GRANTED** and this matter **BE DISMISSED WITHOUT PREJUDICE**.


Date: July____23____, 2018                          _____*s/ Tony N. Leung*_____
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota


*Robinson v. Arradondo*
Case No. 18-cv-491 (JRT/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).